## GEORGE C. WEBSTER v. MALACHI BYRNES.

VOTER'S NAME MUST BE ON POLL LIST.—Under the Registry Act, a vote is illegal where the name of the elector is not on the poll list of the Election Precinct where the vote is cast on the day of the election.

IDEM.—Where a name had been entered on a precinct poll list, but at the ·final sitting of the Board of Registration, as required by the twenty-fourth section of the Registry Act, had been erased by said Board : *held*, that the result was the same as if such name had never been on the poll list.

QUALIFICATIONS OF VOTERS UNDER REGISTRY ACT. — The questions arising for decision under the Registry Act by the Election Board, when a vote is proffered, are, first, Is the person offering to vote a qualified elector of the precinct where the vote is offered ? and, second, Is his name, at the time, on the Great Register and on the poll list? Both questions must be answered in the affirmative by the Board, or the vote should be rejected.

COUNTING VOTES NOT CAST.—It was manifest error for the County Court, when trying a contested election case, to allow to one of the contestants votes not in fact received, although offered to and rejected by the Election Board ; and this, whether the proffered votes were properly or improperly rejected.

ERROR WITHOUT PREJUDICE.—The respondent has, in all cases, a right to show that the appellant was not prejudiced by the error complained of ; and where the Court below rejected an equal number of votes cast for each contestant, upon a

state of facts equally applicable to each voter, the error, if such it was, is rendered immaterial.

IDEM—STATEMENT OF FACTS ON APPEAL IN CONTESTED ELECTION CASE.—On appeal from a judgment rendered in a contested election case, where the appellant assigns as error the improper rejection by the Court below of votes cast in his favor, and a statement is made part of the record on appeal, it is competent for the respondent, by way of amendment thereto, to incorporate in the statement the fact that other votes cast for him were likewise erroneously rejected by the Court below.

IDEM.—It is the policy of the law, that actions to contest elections should be summary, and to that end it is proper, in case of appeal, that the whole case should be taken to this Court for final decision, if possible.

APPEAL from the County Court, Tuolumne County.

This was a case of contested election for Supervisor of District Number Three, Tuolumne County.

The County Court decided in favor of the defendant by a majority of two votes, and rendered judgment accordingly. In reaching this result, the votes of L. Meyer, Lewis Fattar, Geo. Diller, John Jarnegan, and Valentine Pittorff, cast for plaintiff, were rejected, while the votes of M. R. Whitford and W. G. Smith, cast for defendant, were allowed. The County Court also allowed to be counted for plaintiff the supposed votes of Larkin, Gonsalves, and Haas, who did not in fact vote, although they severally offered to do so, except Haas, but on the trial testified that they would have voted for plaintiff had they been allowed to do so. The Court below held that their votes had been improperly rejected. The testimony in respect to W. G. Smith's qualifications as an elector, showed that he was a naturalized citizen of the United States; his name was on the Great Register and on the poll list, but his name had been put on the Great Register without the production of his naturalization papers, on his own testimony alone as to the loss of said papers and his citizenship.

The plaintiff appealed from the judgment, and filed a statement, setting out the rulings of the Court in the matter of the rejection of all said votes cast for appellant, also the allowance of all said votes for respondent, together with the

evidence pertinent thereto.   The respondent offered, by way
of amendments, the said ruling and decision of the Court as
to the allowance to appellant of the said supposed votes
of Larkin, Gonsalves, and Haas.  ·The amendments were
allowed by the Court below; and in this Court appellant
moved to strike them out as irrelevant and impertinent to
the matters contained in appellant's statement.

The other facts are sufficiently stated in the opinion of
the Court.

*H. P. Barber*, for Appellant, argued that the matters
contained in the statement respecting alleged errors of the
Court below, made in favor of appellant, had been improp-
erly introduced by way of amendment in the record, and
should be stricken out on motion.   That as respondent had
taken no appeal, this Court could not take notice of any
errors except such as were properly brought up by appellant ·
for review; and cited *Jackson* v. *Feather River Co.*, 14 Cal.
19; *Walls* v. *Preston*, 25 Cal. 61; *Hutton* v. *Reed*, 25 Cal.
482.

*Edwin A. Rogers*, for Respondent.

By the Court, SANDERSON, J. :

It is unnecessary to consider the ruling of the Court below
in respect to the votes of Diller and Dikeman.   The facts in
relation to each are substantially the same, and the ruling of
the Court was the same.   If we were to hold that the Court
erred in not counting Diller's vote for the contestant, we
should also be compelled to hold that it erred in not count-
ing Dikeman's vote for the respondent.   So whether their
votes be counted or not will make no difference in the result.

Whitford's vote should have been rejected.   His name
was not on the roll at Poverty Hill, where he voted, and his
vote was therefore illegal, (Statutes 1865–6, p. 297, Sec. 29,)
and must be deducted from the respondent's tally.

Smith's vote, however, was properly allowed to respondent. He was on the Great Register and also on the poll list. He was also an elector according to the testimony. Whether the Board of Registration required full or competent evidence of his naturalization cannot be inquired into in this case. The question here is: Is he a qualified elector of the precinct at which he voted, and was his name at the time upon the Great Register and poll list?

Deducting Whitford's vote from the respondent's tally leaves him three hundred and ninety-eight instead of three hundred and ninety-nine, as found by the Court below.

The Court below erred in counting for contestant the supposed votes of Gonsalves, Larkin and Haas, under the pretense that they would have voted for him had they been allowed to vote. In all contests of this character, the question is, which candidate received the highest number of legal votes? The idea that the supposed votes of persons who did not vote, but who could have voted had they taken the necessary legal steps to entitle them to do so, should be counted for the candidate for whom they would have voted, is simply preposterous.

Deducting these three votes from the contestant's tally, leaves him three hundred and ninety-four instead of three hundred and ninety-seven, as found by the Court below. If we add to this number the votes of Jarnegan, Pittorff and Meyer, the respondent would still have a majority of one, so it is unnecessary to consider the ruling of the Court below in regard to their votes.

Judgment affirmed.


By the Court, SANDERSON, J., on petition for rehearing:

It does not follow that points have been overlooked because they are not specially mentioned. What we said as to Whitford's vote is also applicable to Fattar's. Neither was on the poll list. Neither, therefore, was entitled to vote. It is so expressly provided in the twenty-ninth section of the

Registry Act. Having said this as to Whitford's vote, there would seem to have been no special occasion for repeating it as to Fattar's. The fact that Fattar's name was first entered on the poll list and then afterwards erased by the Board of Registration, can make no difference. The result is the same. His name was not on the poll list on the day of the election, and therefore he was not entitled to vote. Under the twenty-fourth section, the Board of Registration, at their final meeting, commenced on the third day next preceding the election, are expressly required to revise the poll list and to erase the names of all persons not then actually residing in the district, or who are not qualified electors, or are not for any reason entitled to remain enrolled. This the Board did in Fattar's case, and the result was the same as if he had never been enrolled.

The Court did not err in allowing the respondent's amendments to the appellant's statement on appeal. The respondent has a right to show that the errors complained of by the appellant were without prejudice. To do that, if necessary, he may show that votes in his own favor were erroneously rejected by the Court below. Any other rule in this class of cases would render them interminable, whereas these actions are intended to be summary and to be brought to a final conclusion as soon as possible. To that end the whole case should be brought here on appeal, so that it may be finally settled without further litigation, if it can be done. Not only the interests of the parties, but those of the people, who are also concerned in this class of cases, demand this practice.

Rehearing denied.

Mr. Justice RHODES expressed no opinion on rehearing.