384 P.2d 697

John HICKS, Escolastico Barela, F. N. Saiz, Bob Minor, Raymond Avants and Orlando Chavez, Plaintiffs-Appellants,

v.

Elauterio LUCERO, Pelagio Campos, Greg Aragon, Napoleon Zamora, Victor Flores, Members of the Board of Education, Santa Rosa Consolidated School District No. 8, Guadalupe County, New Mexico, Defendants-Appellees.

No. 7372.

Supreme Court of New Mexico.

Aug. 19, 1963.

Roberto L. Armijo, Las Vegas, for appellants.

Standley, Kegel & Campos, Santa Fe, for appellees.

COMPTON, Chief Justice.

The appellants, plaintiffs below, being dissatisfied with the results of an election proposing the sale of certain school bonds of Santa Rosa Consolidated School District No. 8, Guadalupe County, instituted this action against the Board of Education of District No. 8 to enjoin the issuance and sale of such bonds. The complaint alleges (a) that a majority of the legal electors voting on the question of the issuance of such bonds voted against the proposition, and (b) that three persons voting on the question were not qualified electors of the district. From a judgment denying injunctive relief and dismissing the complaint, the plaintiffs have appealed.

The pertinent statute, § 73-8-26, N.M. S.A., 1953 Comp., in part, reads:

"Only such ballots as are substantially in conformity to the form herein specified shall be cast, counted or canvassed and no ballot containing any identification mark or qualifying words or statements shall be counted. * *"

There was a total of 389 votes cast in precinct 8 for the proposal, and a total of 341 votes cast against the proposal. The claimed invalidity of the election results from the conduct of the election officials of precinct 8-b in numbering all ballots cast in numerical order, beginning with number 1, and which were delivered to the voters as they presented themselves at the polls. In precinct 8-b there were 94 ballots cast favoring the proposal and 48 ballots were cast against the proposal. Consequently, our review concerns the validity of the ballots bearing the numerals so placed thereon by the election officials.

In a situation such as this, the controlling question is whether the voters themselves are innocent and free from fault. Bryan v. Barnett, 35 N.M. 207, 292 P. 611. In this respect, we think the trial court's findings, amply supported by substantial evidence, resolve the question. The court found that the voters had no part in numbering the ballots; that the same was done without their knowledge or consent; that the election officials, in misapprehension of their duties and without fraud or dishonest intent on their part, mistakenly placed the numerals upon the questioned ballots.

We find the correct rule set forth at 18 Am.Jur., Elections, § 199, which, in part, says:

"The courts are less ready to reject ballots because of distinguishing marks

placed on them by election officers than they are when such marks are due to the act of the voter himself. As a general rule, identifying marks placed on a ballot without the knowledge or consent of the voter do not render the ballot void. Thus, ballots on the back of which the full name instead of the initials of the judge of the election appears will be counted, although such variance might serve as a distinguishing mark. A similar rule prevails if an abbreviation of the judge's name is used instead of his initials. Even the numbering of the ballots before giving them to the voter, affording thereby a ready means for identification, does not necessarily require their rejection, notwithstanding the legislature itself was incompetent to establish such a requirement. * * * "

Supporting the text, see McGrane v. County of Nez Perce, 18 Idaho 714, 112 P. 312, 32 L.R.A. (N.S.) 730; Perkins v. Bertrand, 192 Ill. 58, 61 N.E. 405, 85 Am.St.Rep. 315; Pennington v. Hare, 60 Minn. 146, 62 N.W. 116, Sup.Ct.; Farnham v. Boland, 134 Cal. 151, 66 P. 200. Compare Buckner v. Lynip, 22 Nev. 426, 41 P. 762. Also McCrary on Elections, 4th ed., § 724. We therefore conclude that the ballots cast in precinct 8–b were legal and properly counted.

Appellants rely strongly upon Telles v. Carter, 57 N.M. 704, 262 P.2d 985, where the electors themselves, in voting, had placed check marks in the square. Clearly, this is not such a case as is readily apparent in the quotation from McCrary on Elections, supra, quoted in Telles v. Carter, supra, as follows:

" ' * * * The weight of authority is clearly in favor of holding the voter, on the one hand, to a strict performance of those things which the law requires of him, and on the other of relieving him from the consequence of a failure on the part of election officers to perform their duties according to the letter of the statute where such failure has not prevented a fair election. The justice of this rule is apparent, and it may be said to be the underlying principle to be applied in determining this question. The requirements of the law upon the elector are in the interest of pure elections, and should be complied with at least in substance, but to disfranchise the voter because of the mistakes or omissions of election officers would be to put him entirely at the mercy of political manipulators. * * * ' "

The appellants also seek to void three ballots cast in precinct 11, Milagro, and make a point that the court abused its discretion in refusing to reopen the case and permit the appellants an opportunity to show the disqualification of such voters.

From what has been said, the point presents nothing for review; the majority vote cast in favor of the issuance of bonds in precinct 8 was 48, and the questioned 3 votes, though shown to be against the proposal, would be of no consequence.

The judgment should be affirmed, and It is so ordered.

CARMODY and NOBLE, JJ., concur.