[Sac. No. 371.    Department Two.—March 9, 1899.]

THE PEOPLE ex rel. CHARLES A. LEE, Respondent, v. S. M. PREWETT et al., Appellants.

ELECTION OF SCHOOL TRUSTEES—VALIDITY OF NOTICE.—Where no election had been held in a school district for more than three years, a notice of election of trustees for the district, given by proper authority, and for the proper time, specifying that it was for the purpose of electing trustees for the school district, implies that a full board was to be elected under the statute which determines the respective terms for which they should be elected, and is not void because not specifying that vacancies existed in the office of trustees, which were to be filled, if the voters were not in fact misled by the notice, and elected trustees for the respective terms fixed by law.

ID.—NOTICE OF OPENING OF POLLS.—A notice of election for trustees of a school district, stating that "the polls will be open between the hours of 1 P. M. and 5 P. M.," obviously imports that they

124  7
†134 154

124  7
e141 272
124  7
e142 504
124  7
e143 342
124  7
146  328

would be open from one to five P. M., and sufficiently states that the polls were to be kept open for four hours, as required by law.

Id.—Great Register — Cancellation — Re-registration.—The great register, though ordered cancelled by the supervisors for the purpose of new registration, remains for all purposes required by law until the new registration is completed, and re-registration is not required for the annual school election.

Id.—Failure to Vote—Supposed Necessity of Re-registration.—Persons who did not offer to vote at such election cannot complain that they were deprived of the privilege of voting, because not re-registered; and where no one was challenged on that ground, the general belief, or the belief of a candidate, that no one had a right to vote unless re-registered, is immaterial, and cannot be a ground for setting aside the election, or constitute evidence of conspiracy or fraud.

Id.—Delay in Opening Polls.—A delay of one-half hour in opening the polls, caused by the failure of the inspector and judges to attend, and the selection of others, and procuring a box to serve as a ballot-box, cannot affect the validity of the election, where no one was thereby deprived of the privilege of voting.

Id.—Neglect of Officers to be Sworn.—The neglect of the officers of the election to be sworn as required by law, though subjecting them to penalties, cannot affect the validity of the election, if a fair election and honest count were not thereby prevented.

Id.—Quo Warranto—Parties—Joinder of Causes.—In an action of *quo warranto* to determine the validity of an election for school trustees, all the defendants claiming to be elected are properly joined as defendants, under section 808 of the Code of Civil Procedure; and there is no improper joinder of several causes of action against them.

Id.—Power of School Superintendent to Appoint Trustees. — The school superintendent has a power of appointment to fill vacancies in the board of school trustees; but when an entire board of trustees is properly elected, there is no vacancy which the school superintendent can fill by appointment.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion.

W. H. Larew, for Appellants.

Francis A. Fee, for Respondent.

HAYNES, C.—This proceeding, in the nature of *quo warranto*, is brought for the purpose of ousting the defendants as trustees of Green school district in the county of Madera, and of admitting to said office Charles A. Lee, Nelson Luke, and George Hudson. The plaintiff had judgment of ouster against the defendants, and that Lee, Luke, and Hudson be admitted to said office, and from this judgment and an order denying a new trial the defendants appeal.

For more than three years prior to June 5, 1896, there had been no election of school trustees held in said district, and during all that time the county superintendent of schools had, from year to year, appointed trustees for said district. On the first Friday in June, 1896, an election was held in said district at which said Lee, Luke, and Hudson were declared elected, and within ten days thereafter they each qualified as trustees of said district.

On July 9, 1896, the county superintendent, acting upon the supposition that said election was illegal and void, appointed the defendants trustees of said school district, and hence this proceeding. The merits of the case, therefore, turn upon the validity or invalidity of said election, though there are some minor questions requiring notice.

The alleged invalidity of said election is based upon several grounds, the first being that the notice of election was insufficient, in that it gave notice "that the annual school meeting for the election of school trustees will be held," et cetera, and did not state that vacancies in the office existed which were to be filled.

The law provides that when a new district is organized an election shall be held at which three trustees shall be elected, one to serve one year, one for the term of two years, and the third for three years; and thereafter on the first Friday in June of each year that one trustee shall be elected to serve three years.

Appellant contends that there were vacancies in the office of trustee to be filled, and that the notice of election should have specified that fact, and cites *People v. Porter*, 6 Cal. 27. In that case it was held that elections to fill vacancies occasioned by the death or resignation of an officer are special elections, and that

the proclamation of the governor, required by statute, is neces-
sary to the validity of a special election. In that case the county
judge of Calaveras county tendered his resignation, to take effect
September 1st, which resignation was received by the governor
on August 24th, though dated August 13th. The board of
supervisors, learning that the resignation had been made, gave
ten days' notice that a special election to fill the vacancy would
be held on the day of the general election, which was held on
September 5th, but this special election was not included in the
governor's proclamation, because it was not known in time.
Here the question is different. . The notice of election was given
by the proper authority, the trustees of the district, and for the
proper time, and the notice specified that it was "for the pur-
pose of electing trustees for said district," which implied that a
full board was to be elected; and, if so, the statute determined
the respective terms for which they should be elected. I think
there was no such defect or uncertainty in the notice as would
make the election void, unless it were also shown that the voters
were in fact misled by the notice, and because thereof had failed
to elect three trustees, one to serve one year, one to serve two
years, and one to serve three years. The record, however, shows
that in this respect the law was complied with. "Elections
should never be held void unless clearly illegal. It is the duty
of the court to give effect to them, if possible." (*State v. Board
of Freeholders, etc.,* 35 N. J. L. 277.)

Appellants cite and quote largely from *McKune v. Weller,* 11
Cal. 49; 70 Am. Dec. 754. It will be noticed, however, that in
that case, as in others, a distinction is taken between vacancies
caused by death or resignation and vacancies occasioned by
operation of law, as by the expiration of the term, in which case
the statute, it is said, fixes the time when a successor shall be
elected; and in such case it seems to have been held in *People v.
Brenham,* 3 Cal. 491, that the requirement that proclamation
shall be made is directory, not mandatory. This construction
was put upon *People v. Brenham, supra,* in *McKune v.. Weller,
supra,* in which it was said, speaking of the former case: "The
court properly held that the failure of the incumbent—the
mayor—to give the required notice could not deprive the people
of their right under the law to elect their officers. But it has

nowhere been decided that such notice is not essential to the validity of all special elections. An election to fill a vacancy occasioned by the death or resignation of an officer is a special election, and the provision of our laws which requires such election to be held at the same time and place with general elections does not change their character"; and, as to vacancies of the latter class notice of the election was held to be mandatory, the reason being that it is essential in order to prevent frauds; that if it were otherwise an officer might resign on the eve of an election, and, concealing it from the public at large, advise a few friends of the fact, who might thus with a few votes elect a successor; while as to vacancies by the expiration of the term of office the people have knowledge of the fact long in advance, and can nominate their candidates and have a fair expression of the people's choice.

In the case at bar, it may be conceded that the notice is defective, since ordinarily after the first election in a new district but one trustee is to be elected each year; but here the notice called for the election of "trustees," and in so small an organized territory as a school district we may reasonably suppose that, as there had been no election for three years, a full board was to be elected, and this was indicated by the notice. If it had been shown by the evidence that voters were misled by the defective notice, so that for that reason a fair election was not had, we should be inclined to reach a different conclusion; but the evidence does show that every vote cast specified the term for which each candidate should serve, if elected.

It is also contended that the notice does not state the time of opening and closing the polls. The notice stated: "The polls will be open between the hours of 1 P. M. and 5 P. M." This, I think, was sufficient. The law requires the polls to be kept open not less than four hours. The notice obviously meant that the polls would be open from 1 to 5 P. M. There is no claim that any one was prevented from voting either because of the notice or because the polls were kept open a little less than four hours. The record shows that but five votes were cast, all for Lee, Luke, and Hudson. There were several persons present who did not vote, or offer to vote, though before the polls were closed it was asked if anyone who had not voted desired to vote. Six of

these persons were called by defendants, and each testified in substance that they went for the purpose of voting, but did not offer to vote, because they understood their votes would be challenged upon the ground that in March, preceding, the board of supervisors had canceled the old register of voters, and no one could vote unless he had been registered. This was talked around the polls, but it will hardly be contended that one who did not offer to vote can complain that he was deprived of his privilege of voting. That the great register remains for all purposes required by law until the new registration is completed, and that registration was not required for the annual school election, see *Falltrick* v. *Sullivan*, 119 Cal. 613.

The last clause of section 1597 of the Political Code permits the trustees, in the notice of election in those districts in which the number of children between the ages of five and seventeen years does not exceed five hundred, to designate any consecutive four hours after 9 o'clock A. M. and ending not later than sundown, as the time during which the polls are to be kept open. A substantial compliance with the notice as to the time of opening the polls, where no one was deprived of the privilege of voting thereby, does not affect the validity of the election. Appellants contend that the polls were not opened until half past 1 P. M., and that the finding that the polls were opened at 1 o'clock is not justified. But if the finding had been as appellants contend it should be, it would not affect the judgment, as no one was prevented from voting by the delay which seems to have been caused by the failure of the inspector and judges to attend, the selection of others, and procuring a box to serve as a ballot-box.

The court found that the persons who served as officers of the election were not sworn as required by law; and appellants cite those provisions of the Political and Penal Codes making it a felony to act as an election officer without having been appointed and qualified as such. But these provisions, while imposing penalties upon the person who so acts, does not declare the election void for that cause. But the point has been directly decided in *Whipley* v. *McKune*, 12 Cal. 352. (See, also, *Rounds* v. *Smart*, 71 Me. 380; *Taylor* v. *Taylor*, 10 Minn. 107; *People* v. *Cook*, 14 Barb. 259; *Atkinson* v. *Lorbeer*, 111 Cal. 419;

Code Civ. Proc., sec. 1112.) The principle underlying these decisions is that the rights of the voters should not be prejudiced by the errors or wrongful acts of the officers of the election, unless it shall appear that a fair election and an honest count were thereby prevented.

H. J. Prewett, a witness called by defendants, was asked: "Did you hear the plaintiff, Charles A. Lee, say, prior to the election in Green district, that he would not let a d——d man vote at that election if he were not reregistered?" An objection to this question was rightly sustained. It does not appear that Mr. Lee did not believe that no one had a right to vote unless he had been reregistered, and, if so, it would be his duty to challenge voters upon that ground; but, however that may be, this was prior to the election, and no one was in fact challenged on that ground. That several, perhaps all, who did not vote refrained from offering to vote because they believed they had no right to vote cannot be a ground for setting aside the election. That the voters generally were mistaken upon a question of law relating to or affecting their right to vote is of itself no evidence of conspiracy or fraud.

Appellants' objection to the complaint on the ground that three causes of action are improperly united is not well taken. Section 808 of the Code of Civil Procedure provides: "When several persons claim to be entitled to the same office or franchise, one action may be brought against all such persons in order to try their respective rights to such office or franchise." The office or franchise here was the same. The three trustees constitute a board, or entity, charged with the performance of the same public duty; and where the right of each member of the board depends upon the same facts, as is the case here, the question is whether the board, composed of the three persons, has a legal existence and the right to exercise the powers conferred upon it as such.

Nor was the general demurrer to the complaint well taken. It is true the school superintendent has power to fill all vacancies on the board; but the complaint alleged an election, on June 5th, of an entire board, and hence there was no vacancy on July 9th, when the superintendent appointed the defendants. For the purposes of the demurrer the defendants must have assumed,

contrary to the allegations of the complaint, that the election was illegal and void.

I find no error in the record and advise that the judgment and order appealed from be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Temple, J., McFarland, J., Henshaw, J.