[S. F. No. 3574. In Bank.—May 21, 1904.]

FRANK E. DAVIS, Respondent, v. EMIL GRUNIG, Appellant.

CONTEST OF ELECTION—REJECTION OF PRECINCT BY CANVASSERS—FAILURE TO RETURN TALLY-LIST—POWER OF COURT TO COUNT BALLOTS.—Notwithstanding the ministerial action of the board of canvassers in rejecting the entire vote of a precinct merely on account of the failure of the election officers to return the tally-lists therefrom, as required by law, the election being otherwise valid at such precinct, the court upon a contest of election is not thereby precluded in its judicial action from counting the ballots returned from such precinct.

ID.—RIGHTS OF VOTERS—ERRORS OF OFFICERS.—The rights of voters should not be prejudiced by the errors or wrongful acts of the officers of election, unless it shall appear that a fair election and an honest count were thereby prevented. An honest or mistaken disregard of directory provisions of the statute not resulting in manifest fraud will not justify the rejection of the entire vote of a precinct.

ID.—PRESERVATION OF BALLOTS—SUFFICIENCY OF EVIDENCE—DISCRETION OF TRIAL COURT.—The question whether ballots have been sufficiently taken care of so as to preclude any reasonable suspicion that they are not in their original condition, is largely within the judgment

and discretion of the trial court, and its determination thereof will not be disturbed on appeal if the evidence fairly warrants its conclusion.

APPEAL from a judgment of the Superior Court of Fresno County.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and F. E. Cook, for Appellant.

Henry Brickley, and James A. Burns, for Respondent.

VAN DYKE, J.—This is an appeal from a judgment in an an election contest.  The appellant and respondent were candidates, respectively, for the office of constable of the first township in Fresno County at the election held in November last.  In this township there were five election precincts, to wit: Bryant, Firebaugh, Mendota, Panoche, and Jameson. Through some mistake or oversight the board of election officers of Jameson Precinct failed to forward to the board of supervisors the tally-list and list attached thereto kept by them in pursuance of the requirements of the Political Code.  Instead of being sent to the supervisors with the list attached thereto, it was taken home by one of the members of the board. All the other returns, including the ballots, were forwarded to the county clerk, as required by section 1261 of the Political Code.  The board of supervisors, sitting as a board of canvassers, in the absence of said list and list attached thereto, refused to canvass the returns from Jameson Precinct; and excluding the votes of said precinct, the appellant had a majority of the votes cast in the township, but including the votes of said precinct, contestant, respondent herein, had a majority.

In due time the respondent commenced proceedings in the court below contesting the said election, and at the hearing the court counted the ballots cast in all the precincts in the township, including Jameson Precinct.  The finding of the court in reference thereto is as follows: "That said election at said voting precinct of Jameson was held and conducted and carried on and all records thereof made and kept and all canvass of the votes cast thereat duly made, and all records and

CXLIII. Cal.—22

results thereof duly made and authenticated and certified and transmitted and delivered in the manner and within the time and by and to the persons and in conformity with the forms in all respects as required by law except that by reason of the malconduct on the part of the said board of judges or some member or members thereof neither one of the tally-lists of the votes cast for the various candidates at the election was delivered to the county clerk inclosed in a cover and sealed up with a copy of said register, certificates of registration and copy of the list of voters. And one of the tally-lists so made and kept by said board at said election and the list attached thereto was afterwards delivered to and left with and is still in the possession of the county clerk, but was not delivered within the time or in the manner required by law; and the inspector of said election still retains one of said lists of voters, and one tally-list and the list thereto attached.''

The court further found: ''That said election at all of said voting precincts in said first township, county of Fresno, state of California, was held and conducted and carried on and all the records thereof made and kept and all canvass of the votes cast thereat duly made and certified and authenticated and transmitted and delivered in the manner and within the time and by and to the persons and in conformity with the forms in all respects as required by law, except as hereinbefore stated; .and said election at all of said voting precincts was in all respects regular and without fraud.'' These findings of the court seem to be abundantly supported by the evidence introduced at the trial, and in fact do not seem to be questioned on the part of the appellant.

The contention on the part of the appellant is, that the same reason which applied to the action of the board of supervisors in not canvassing the vote of Jameson Precinct should apply to and control this proceeding in court,—''that is to say, if the board of election of Jameson Precinct did conduct the election so irregularly, and did so imperfectly and irregularly return the same, or if the material and mandatory provisions of the election law were not complied with, then the supervisors as a canvassing board were not authorized to consider such returns, and for the same reason and upon the same pri of law, under such circumstances, the court should rejec refuse to consider the returns from the same precinct.''

pellant's counsel, to sustain his position, refers to the following
California cases: *People* v. *Seale,* 52 Cal. 72; *Coglan* v.
*Beard,* 67 Cal. 303; *Russell* v. *M'cDowell,* 83 Cal. 70; *Tebbe*
v. *Smith,* 108 Cal. 101.[1]  None of these cases, however, sup-
port the contention of the appellant that because the super-
visors did not count the ballots in the absence of the list and
lists attached thereto, that therefore the court was powerless
to count the ballots.  The action of the board of supervisors
is ministerial merely, whereas the court proceeds judicially
and possesses the power to compel the production of all com-
petent evidence material and relevant to the issues in the con-
test or case before it.

The case of *People* v. *Seale,* 52 Cal. 72, was in reference to
an election imposing a school-district tax, and the court held
that it was regulated entirely by the Political Code.  Under the
code such an election must be called by posting notices in
three of the most public places in the district for twenty days,
specifying the time and place of holding the election, which
election must be held in all respects as required, and as nearly
as practicable in conformity with the General Election Law.
But in this case the notice was to the effect that the polls would
be open only between the hours of one and six o'clock P. M.,
and the election was accordingly held only between these hours,
and for this radical departure from the provisions of the law
governing elections the court held the election to be void.

In *Coglan* v. *Beard,* 67 Cal. 303, so far from supporting the
contention of the appellant, it is said that in an election con-
test the ballots are the primary and best evidence of the num-
ber of votes received by any candidate, provided they have not
in any way been tampered with; and the burden of proof is
upon the contestant to show that fact.

In *Russell* v. *McDowell,* 83 Cal. 70, it is said that in all those
provisions of the election laws relating to the time and place
of holding elections, the qualifications of voters and such
others as are made essential prerequisites to the validity of
the election are mandatory; that all others are directory
merely, and an honest or mistaken disregard of them not re-
sulting in manifest fraud will not justify the rejection of the
entire vote of a precinct.

In *Tebbe* v. *Smith,* 108 Cal. 101, the precinct election was

[1] 49 Am. St. Rep. 68.

rejected on entirely different grounds from that here. William Otey testified: "On November 6th last I was at the polls of Lake election precinct on the Fairchild ranch. . . . I got there between 8 and 9 o'clock in the morning. Served on the election board in my father's place. When I got there Fairchild, Henry Seale, and the hands working on the ranch were there. I do not remember any one else. The polls were opened, I should judge, some time near 10 o'clock. We took an adjournment when we went to dinner. Took the ballot-box with us. Fairchild, the old gentleman, carried it; he was one of the election officers. . . . The other materials, ballots, and everything we left in the poll-room when we went to dinner. We left the ballot-box on the table while eating dinner —on same table. That ballot-box did not pass into the hands of other persons. I think there were bystanders around the polls at the time we went to dinner. . . . The house is about a hundred yards from the polling-place. Between the house and the schoolhouse there were some men. Some had voted, and some were working on the ranch. I think some other people took dinner with the board. When we were through Fairchild carried the box back. No person was deprived of voting because the polls were not opened earlier. I know that no one came there without voting that was entitled to vote." On this showing it was said in the opinion of the court: "Looking to the purity of elections and integrity of the ballot-box, we are constrained to hold that conduct like this amounts in itself to such a failure to observe the substantial requirements of the law as must invalidate the election."

In the case at bar, as found by the court, this election was held, conducted, and carried on, and the records made and kept, and canvass of the votes cast thereat duly made, certified, and authenticated, and transmitted and delivered in the manner and in the time and in conformity with and in all respects as required by law, except the failure to transmit the list and lists attached as stated. In *Bourland* v. *Hildreth*, 26 Cal. 161, after discussing as some length the constitutionality of an act of the legislature of 1863, providing for taking the vote of electors of California who were then in military service of the United States outside of their respective counties, and wherein it was held by a majority of the court that such act was unconstitutional, it was said: "But it is alleged by

the appellant York that Weinbeer's vote should be reduced by deducting thirty-five votes therefrom cast for him at Phœnix Reservoir on the ground of certain alleged misconduct on the part of the inspector, in the matter of transmitting votes to the county clerk. It is admitted that the votes in question were cast by duly qualified electors on lawful occasion and at the proper place. These facts being found, their effect cannot be defeated by reason of the mere official delinquency of the inspector.'' (Citing authorities.)

*People* v. *Holden,* 28 Cal. 123, was an election contest, and the ballots cast at certain precincts were introduced in evidence in the court below, having been obtained from the clerk's office, where they were required to be kept at least six months by the clerk, according to the statutes of 1863, then in force, and in the opinion of this court it is said: ''The court below held that the ballots were the most reliable evidence, and we are of the opinion that this conclusion was not erroneous. . . . The legislature could have had no other design in this proceeding for the preservation of the ballots than to make them evidence of their own contents and a test of the correctness of the returns made up from them by the officers of election.'' The Political Code (sec. 1265) requires that on the receipt of the package containing the ballots the clerk must file the same, keeping it unopened and unaltered for twelve months, ''after which time, if there is not a contest commenced, in some tribunal having jurisdiction about such election, he must burn the package without opening or examining its contents. . . . A judge of the superior court of the county wherein said ballots were voted may order said packages to be opened for inspection in any case being tried in his court, where he has jurisdiction of the same, whenever he shall deem it necessary to inspect the ballots contained in said package, in order to produce testimony to establish the proof of any material issue of fact arising in the course of the trial of said case.''

In *Gibson* v. *Board of Supervisors,* 80 Cal. 359, an election contest, it is said in the opinion: ''Appellant contends that two errors were committed by the court during the course of the trial. The court ordered the county clerk to produce the ballots voted at the election, and they were offered and received as evidence, over appellant's objection that they were 'irrele-

vant, immaterial, and incompetent, and on the further ground
that the court had no power to recount the ballots in this
proceeding.' It is clear, however, that in a contest over the
result of an election, the ballots are not only competent and
material evidence, but evidence of a very high order.''

In *People* v. *Prewett,* 124 Cal. 13, after citing cases to the
point, it is said: ''The principle underlying these decisions
is, that the rights of the voters should not be prejudiced by
the errors or wrongful acts of the officers of election, unless
it shall appear that a fair election and an honest count were
thereby prevented.'' (See, also, *Farnham* v. *Boland,* 134 Cal.
151; also, *Freshour* v. *Howard,* 142 Cal. 501; *Kenworthy* v.
*Mast,* 141 Cal. 268; Code Civ. Proc., sec 1112.)

What has been said sufficiently disposes of all objections
going to the question of misconduct and irregularities on the
part of the election officers of Jameson Precinct.

Appellant specially objected to the ballots from said pre-
cinct being received in evidence, on the ground that there had
not been sufficient proof that their integrity had been pre-
served.

We have carefully examined the evidence relating to this
matter, and see nothing therein which would warrant us in
holding that the court erred in its ruling thereon.

As was said in the recent case of *Hannah* v. *Green, ante,*
p. 19: ''The question whether ballots have been sufficiently
taken care of so as to preclude any reasonable suspicion that
they are not in their original condition, is a question which is
largely within the judgment and discretion of the trial court,
and its determination of that question should not be disturbed
here if the evidence fairly warrants the conclusion which the
court reached on the subject.''

The judgment is affirmed.

Angellotti, J., Shaw, J., McFarland, J., and Lorigan, J.,
concurred.