[S. F. No. 3823. In Bank.—October 14, 1904.]

## CHARLES M. McCARDLE, Respondent, *v.* R. N. BARSTOW, Appellant.

ELECTION CONTEST—VERIFICATION OF STATEMENT—CASE AFFIRMED.—
The verification of the statement of an election contest may be in
the ordinary form of the verification of a pleading. (*Kirk* v.
*Rhoads*, 46 Cal. 403, affirmed.)

ID.—EVIDENCE—PRESERVATION OF BALLOTS—DISCRETION—REVIEW UPON
APPEAL.—Upon the contest of an election the question whether the
ballots were safely preserved in their original condition is largely
within the judgment and discretion of the trial court; and if the
evidence fairly warrants its conclusion, its determination of that
question will not be disturbed upon appeal.

ID.—OBJECTION TO UNCOUNTED PRECINCTS—WAIVER BY CONTESTANT—
PROOF BY CONTESTEE—ADMISSIBILITY—ESTOPPEL.—The contestant,
after establishing a majority in counted precincts, had the right to
waive his objection to misfeasance and malconduct alleged by him
in other uncounted precincts; and where the contestee offered the
ballots in the remaining precincts, he cannot be heard to say that
the ballots offered by him were not admissible, or were not safely
preserved.

ID.—DISTINGUISHING MARKS.—Ballots stamped with a cross after the
words "No nomination" have a distinguishing mark, and were prop-
erly rejected.

APPEAL from a judgment of the Superior Court of
Fresno County. E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

F. H. Short, M. B. Harris, and Johnston & Jones, for Ap-
pellant.

The proof did not establish that the ballots were safely pre-
served. The burden of proof is upon the contestant to show
that they were not exposed. (*Farrell* v. *Larsen*, 26 Utah,
283; *Colgan* v. *Beard*, 65 Cal. 58.) An exposure destroys the
presumption of correctness, and renders the ballots inadmis-
sible. (*Powell* v. *Holman*, 50 Ark. 86; *People* v. *Cicott*, 16
Mich. 283;[1] *Newton* v. *Newell*, 26 Minn. 529; *Martin* v. *Miles*,
40 Neb. 135; *Hudson* v. *Solomon*, 19 Kan. 177.)

[1] 97 Am. Dec. 141.

Everts & Ewing, and H. H. Welsh, for Respondent.

The contestant was elected by the proper rejection of "No nomination" ballots improperly marked. The appellant who offered uncounted ballots cannot urge upon appeal that they were inadmissible. (*Laver* v. *Hotaling,* 115 Cal. 613.) The court did not err in its discretion in holding that all ballots were properly preserved. (*Tebbe* v. *Smith,* 108 Cal. 101.[1]) All ballots containing the distinguishing mark were properly rejected. (*Maddux* v. *Walthall,* 141 Cal. 412; *Farnham* v. *Boland,* 134 Cal. 151; *Salcido* v. *Roberts,* 136 Cal. 670; *Patterson* v. *Hanley,* 136 Cal. 265; *People* v. *Campbell,* 138 Cal. 11.)

HENSHAW, J.—This is an election contest over the office of county recorder of the county of Fresno. The official canvass of the board of supervisors showed that the contestee had received a plurality of twenty-four votes over the contestant, and he was declared elected. Contestant instituted this contest, and as a result of the recount was found and declared by the court to have received a plurality of forty-one votes over the contestee. The contestee appeals.

Contestant's petition was properly verified. (*Kirk* v. *Rhoads,* 46 Cal. 403.)

The contestee made a preliminary objection to the introduction of any and all of the ballots offered, upon the ground that they had not been safely preserved in accordance with the law, and that their integrity was not assured. The court overruled the objection. The same question was presented as to certain of these ballots in the contest of *Davis* v. *Grunig,* 143 Cal. 336, and it was there said by this court in Bank that after a careful examination of the evidence we discovered nothing which would warrant us in holding that the court erred, and the language of this court in *Hannah* v. *Green,* 143 Cal. 19, was quoted to the following effect: "The question whether ballots have been sufficiently taken care of so as to preclude any reasonable suspicion that they were not in their original condition is a question which is largely within the judgment and discretion of the trial court, and its determination of that question should not be disturbed here if the evidence fairly warrants the conclusion which the court reached on the subject."

[1] 49 Am. St. Rep. 68.

The ballots containing a stamp or cross in the blank opposite "No nomination" were properly rejected, as has been repeatedly held by this court. (*Maddux* v. *Walthall,* 141 Cal. 412.)

The contestant having charged irregularity and misconduct upon the part of the election officers in most, if not all, of the precincts, presented the ballots to the court from certain precincts and they were counted, the contestee making his objection to the introduction in evidence of any and all of the ballots upon the ground of their lack of proper preservation. The count proceeded under these circumstances until the point was reached where the judicial count of the precincts whose ballots were offered, taken with the supervisors' official count of the remaining precincts, gave contestant a plurality. Contestant then withdrew his charges of misfeasance and malconduct as to the uncounted precincts and rested his contest. Contestee then felt obliged to offer the ballots from the remaining uncounted precincts, in the hope by this means to swell his vote. He thus put himself in the position of offering evidence in the form of ballots the integrity and admissibility of which he had been stoutly objecting to. He here complains somewhat bitterly of the course pursued by contestant, but we do not perceive that contestant was not strictly within his legal rights in waiving and withdrawing his objections to any of the uncounted precincts. And, upon the other hand, contestee, as to the ballots which he himself offered, and by offering affirmatively declared to the court to be worthy of credence, cannot here be heard to say that they were inadmissible. But this question is rather of academic than of vital interest in this case, since we have held that the ballots were admissible, and since so holding we have been compelled to count the thousand or more contested ballots which have been presented to us for consideration. It is unnecessary to enter into a detailed discussion of the count which we have thus made. It is sufficient to say that the result has been to increase McCardle's plurality over Barstow to more than a hundred.

The judgment appealed from is therefore affirmed.

Van Dyke, J., Shaw, J., McFarland, J., Lorigan, J., and Angellotti, J., concurred.

Rehearing denied.