[S. F. No. 7356.  In Bank.—March 26, 1915.]

THOMAS BOOTH, Petitioner, v. FRANK K. MOTT et al., Mayor and Commissioners and City Council and ex-officio Board of Election Commissioners of the City of Oakland, Respondents.

ELECTIONS—CITY OF OAKLAND—MANNER OF APPOINTING ELECTION OFFICERS FOR MUNICIPAL ELECTION.—In view of the provisions of sections 1044 and 1151 of the Political Code, the board of election commissioners of the city of Oakland, in appointing election officers for a municipal election to be held on April 20, 1915, is not required to make such appointments in accord with the provisions of section 1142 of that code.

APPLICATION for a Writ of Mandate directed to the Board of Election Commissioners of the City of Oakland.

The facts are stated in the opinion of the court.

Austin Lewis, R. M. Royce, and V. W. Lathrop, for Petitioner.

ANGELLOTTI, C. J.—Application for a writ of mandate to compel respondents in appointing election officers for the municipal election to be held in the city of Oakland on April 20, 1915, to make such appointments in accord with the provisions of section 1142 of the Political Code, as amended June 14, 1913.

We are satisfied that in so far as the matters referred to in the petition are concerned, section 1142 of the Political Code, is not applicable to such municipal election, in view of the provisions of sections 1044 and 1151 of the Political Code. In *Vincent* v. *Mott*, 163 Cal. 342, [125 Pac. 346], relied on by petitioner, the application for a writ of mandate was denied without notice of the application to the respondents, on the ground that the petition did not sufficiently show that the election commissioners threatened to disobey the provision of the law claimed to be applicable. What is said in the opinion filed in denying the application, in relation to the application of section 1142 of the Political Code, to recall elections in the city of Oakland, is purely *obiter dicta,* and was induced by the fact that the provisions

of sections 1044 and 1151 of the Political Code were not brought to the attention of the court, and that the real question presented and decided was whether the Political Code provisions relative to elections generally were applicable to *recall* elections in that city, as distinguished from other elections.

The application for a writ of mandate is denied.

Shaw, J., Lawlor, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.