TO BE IN PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

OPINION

of

DANIEL E. LUNGREN
Attorney General

CLAYTON P. ROCHE
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:

No. 91-404

July 18, 1991

---

THE STATE DEPARTMENT OF EDUCATION has requested an opinion on the following questions:

1.      May a person who is elected or appointed to the position of county superintendent of schools continue to serve as a member of the State Board of Education?

2.      If not, what is the legal effect of the person's vote as a member of the State Board of Education once the person assumes the position of county superintendent of schools?

CONCLUSIONS

1. A person who is elected or appointed to the position of county superintendent of schools has accepted an office which is incompatible with membership on the State Board of Education, and has automatically vacated the board membership.

2.      The person's vote as a member of the State Board of Education after the assumption of the office of county superintendent of schools would be valid since the officer would still be a de facto member of the Board.

ANALYSIS

In 66 Ops.Cal.Atty.Gen. 176, 177-178 (1983), we summarized the common law rule prohibiting the simultaneous holding of incompatible public offices as follows:

"`Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other." (38 Ops.Ca.Atty.Gen. 113 (1961).

"  . . . . . . . . . . . . . . . . . . . . . . . .

"The policy set forth in *People ex rel. Chapman* v. *Rapsey*, *supra*, 16 Cal.2d 636 comprehends prospective as well as present clashes of duties and loyalties. (See 63 Ops.Cal.Atty.Gen. 623, *supra*.)

"`Neither is it pertinent to say that the conflict in duties may never arise, it is enough that it may, in the regular operation of the statutory plan. . . .' (3 McQuillan, Municipal Corporations (3d Ed. 1973, § 12.67, p. 297).

"`[O]nly one significant clash of duties and loyalties is required to make . . . offices incompatible. . . .' (37 Ops.Cal.Atty.Gen. 21, 22 (1961).) Furthermore, `the existence of devices to avoid . . . [conflicts] neither changes the nature of the potential conflicts nor provides assurance that they would be employed.' (38 Ops.Cal.Atty.Gen. 121, 125 (1961).) Accordingly, the ability to abstain when a conflict arises will not excuse the incompatibility or obviate the effects of the doctrine. A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. (*People ex rel. Chapman* v. *Rapsey*, *supra*, 16 Cal.2d 636, 644. Both positions, however must be offices. If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply. (See 58 Ops.Cal.Atty.Gen. 109, 111 (1975)."

There are no statutes which permit the simultaneous holding of the positions of member of the State Board of Education ("Board") and county superintendent of schools.[1] Accordingly, the first question to be resolved is whether the positions of member of the Board and county superintendent of schools are public offices within the meaning of the common law rule, since the rule is not applicable where one or both positions are employments.

In 68 Ops.Cal.Atty.Gen. 337 (1985), we reviewed the leading case law as to what constitutes a public office for the purposes of the incompatibility doctrine. We concluded that:

". . . a public office is a position in government (1) which is created or authorized by the Constitution or some law; (2) the tenure of which is continuing and permanent, not occasional or temporary; (3) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign power of the state." (*Id*., at p. 342.)

That both the positions of member of the Board and county superintendent of schools are offices within the incompatible offices doctrine would appear to be clear. The Board is provided for both by constitutional provision and statute. (Cal. Const., art. IX; § 7; Ed. Code, § 33000.)[2] Members are appointed by the Governor for a term of four years. (§ 33001.) They are designated by law as civil executive officers. (Gov. Code, § 1001.) As to duties, the Board is "the governing and policy determining body of the department" of Education (§ 33301, subd. (a)) and <u>inter alia</u>

---

[1] The Legislature may abrogate the common law rule by statute. (See *American Canyon Fire Protection Dist.* v. *County of Napa* (1983) 141 Cal.App.3d 100, 104-106.) This is most often done with respect to regional commissions where local officials serve as commissioners in what otherwise might be deemed to be incompatible offices. (See, e.g., California Coastal Commission and Regional Commissions, Pub. Resources Code, § 30301; Bay Area Air Pollution Control District, Health & Saf. Code, § 40221.5.)

[2] Further section references are to the Education Code unless otherwise specified.

adopts rules and regulations for the government of all elementary and secondary public schools in the state (§ 33031). Board members are required to adopt textbooks for use in grades one through eight in this state. (Cal. Const., art. IX, § 7.5.) Without the necessity of further elaboration, it is clear that the Board performs a public function for the public benefit and exercises part of the sovereign power of the state.

County superintendents of schools are likewise provided for both by constitutional provision and statute. They are either elected or are appointed by the county board of education, as determined by the electors of the county. (Cal. Const., art. IX, § 3.) They are also designated by law as "civil executive officers" (Gov. Code, § 1001) and also as "county officers" (Gov. Code, § 24000, subd. (k)). Their duties are prescribed by statute and include many duties which are for the public benefit and clearly constitute an exercise of the sovereign power of the state. These include such matters as superintending the schools of their county (§ 1240), enforcing the course of study and the use of state adopted textbooks (§ 1241) and entering into numerous forms of contracts and agreements relating to school matters (e.g., §§ 1250, 1251, 1258, 1259). They may also operate schools in their counties if the school district neglects to do so. (§ 1256.)

Having concluded that both positions are offices, we now proceed to determine if the offices of member of the Board and county superintendent of schools are incompatible.

Initially we note from the summary of the rules concerning incompatibility of offices set forth above that offices are incompatible if either office exercises a supervisory or auditory power over the other. Or as stated in more detail in the leading California case on the subject, *People ex. rel. Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 642:

> "`. . . The inconsistency, which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, <u>as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent,</u> or where the incumbent of one of the offices has the power to remove the incumbent of the other or to audit the accounts of the other.' In *State* v. *Jones*, 130 Wis. 572 [110 N.W. 431, 118 Am.St.Rep. 1042, 10 Ann.Cas. 696, 8 L.R.A. (N.S.) 1107], the Court said:

> "`It is not an essential element of incompatibility at common law that the clash of duty should exist in all or in the greater part of the official functions. <u>If one office is superior to the other in some of its principal or important duties,</u> so that the exercise of such duties might conflict, to the public detriment, with the exercise of other important duties in the subordinate office, then the offices are incompatible. . . .'" (Emphasis added).

Examining the hierarchy of California's educational system, we see that the Board is "the governing and policy determining body" of the State Department of Education. (§ 33301.) We also see that "[t]he Superintendent of Public Instruction shall execute, under direction of the State Board of Education, the policies which have been decided by the board. . . ." (§ 33111.) The Superintendent of Public Instruction also is required to "superintend the schools of this state." (§ 33112, subd. (a).) Since the primary duty of a county superintendent of schools is to "supervise the schools of his county," it would appear to follow that a member of the Board, who is also a county superintendent of schools, would essentially be supervising himself with respect to implementing the policies of the state at the county level.

However, we need not stop there. In addition to this overall supervisory or auditory relationship, a number of specific conflicts of duties or loyalties can be identified between the

specific offices. As noted, the Board is required to adopt rules and regulations for the government of all elementary and secondary schools in the state. In doing so, a Board member who is also a county school official could run into a situation of divided loyalties as between the interest of the state as a whole and county interests. As we noted in Atty.Gen.Unpub.Op. I.L. 74-223, wherein we concluded that the office of city planning commissioner and state highway commissioner were incompatible: "What is best for the state in highway location may differ significantly from what . . . is best for the . . . city itself." Likewise, what is best for the state in educational administration may differ significantly as to what is best for the county itself. (See also 66 Ops.Cal.Atty.Gen. 293, 296 (1983), offices of county planning commissioner and city planning commissioner with overlapping territory incompatible; 64 Ops.Cal.Atty.Gen. 288 (1981), offices of county planning commissioner and water district director with overlapping territory incompatible.)

Turning to even more specific matters, we find a number of interrelationships wherein incompatibility may arise. For example:

1.      In budgetary matters, the Board adopts standards and criteria to be used by local educational agencies in the development and management of annual budgets and expenditures therefrom. (§§ 33127, 33129.) These standards are then used to monitor the fiscal stability of local educational agencies by the Superintendent of Public Instruction. (§ 33132.)

2.      The county superintendent of schools is ex-officio the executive officer of the county board of education. (§ 1010.) The county board of education may request the Board to waive laws or regulations pursuant to section 33050 et seq.

3.      The Board governs through its regulations or otherwise the disbursement of funds to the county office of education or county superintendent of schools with respect to such matters as driver training (§ 41900), operation of regional occupational centers (§ 41880), the development of certain educational programs (§§ 33322, 33323), special educational projects (§ 33514) and experimental, demonstration or operational projects (§ 33516 et seq.).

4.      Section 39831 requires the Board to adopt reasonable rules and regulations relating to the use of school buses used by school districts and others, including the county superintendent of schools. (See § 1270.)

5.      Section 8391 requires the Board to adopt rules and regulations for the administration of programs for the care and development of infants, and the training of students in their roles as parents. The county superintendent of schools in turn is authorized to enter into agreements with the State Superintendent of Public Instruction for the establishment and maintenance of such programs. (§ 8390.)

The foregoing are examples and are not intended to be exhaustive of specific potential clashes of duties and loyalties as between the offices of member of the Board and county superintendent of schools.[3] It was such type of clashes which lead us to conclude in an analogous situation that the offices of member of the Board and member of a county board of education are

_____

[3]We have not attempted to identify the interrelationships between the Department of Education or the Superintendent of Public Instruction and local educational agencies where incompatibility might arise. Since the Board has supervisory power over the Department of Education and the Superintendent of Public Instruction, these could also be attributed to the Board itself. (See 41 Ops.Cal.Atty.Gen. 105 (1963).)

incompatible offices and may not be simultaneously held by the same individual. (31 Ops.Cal.Atty.Gen. 170 (1958).)

We likewise conclude that the office of member of the Board and county superintendent of schools are incompatible offices. Accordingly, a person may not hold both offices, and the assumption of the second office constitutes an automatic vacating of the first office.

This conclusion brings us to the second question presented, that is, where the first office is that of member of the Board, what is the effect of that member's vote once he assumes the position of county superintendent of schools? In our view, the officer would be a de facto, if not de jure, member of the Board. (See, e.g., *In Re Redevelopment Plan for Bunker Hill* (1964) 61 Cal.2d 21, 42; *Town of Susanville* v. *Long* (1904) 144 Cal. 362, 365; *Oakland Pav. Co.* v. *Donovan* (1912) 19 Cal.App. 488.) As stated in the *Bunker Hill* case:

"The de facto doctrine in sustaining official acts is well established. Present a de jure office, `Persons claiming to be public officers while in possession of an office, ostensibly exercising their functions lawfully and with the acquiescence of the public, are <u>de facto</u> officers . . . The lawful acts of an officer <u>de facto,</u> so far as the rights of third persons are concerned, are, if done within the scope and by the apparent authority of office, as valid and binding as if he were the officer legally elected and qualified for the office and in full possession of it.' (*Town of Susanville* v. *Long* (1904) 144 Cal. 362, 365 [77 P. 987]; see also *Oakland Paving Co.* v. *Donovan* (1912) 19 Cal.App. 488, 494-496 [126 P. 388]; *Clark* v. *City of Manhattan Beach* (1917) 175 Cal. 637, 639 [166 P. 806, 1 A.L.R. 1532].)"

We thus conclude that the individual's vote as a member of the Board, after the assumption of the office of county superintendent of schools, would be valid since the officer would still be a de facto Board member.

\* \* \* \* \*