[No. 13217.   Department One. — January 29, 1890.]

## C. W. YOUNGMAN, APPELLANT, v. P. C. TONNER, RESPONDENT.

VACATING DEFAULT JUDGMENT — EXCUSABLE NEGLECT — CONDITIONAL
ORDER — DISCRETION. — A showing made to set aside a judgment by
default, nearly two months after its entry, that the defendant became
suddenly and violently ill, and unable to attend to business for four days
at a date subsequent to the expiration of the time allowed by law in
which to answer, but one day prior to the actual entry of default, with-
out any showing of reason why no answer was made within ten days
after service, or why the application to vacate the judgment was so long
delayed, accompanied by an affidavit of defense upon the merits, to the
extent of $450, is not a sufficient showing of excusable neglect to re-
quire vacation of the judgment; and an order granting the privilege of
answering as to $450, upon condition that within ten days the defendant
should pay the undisputed part of the judgment, is matter rather of
grace than of right, and the conditional order will not be disturbed upon
defendant's appeal, as an abuse of discretion.

APPEAL from an order of the Superior Court of Los
Angeles County vacating a judgment conditionally.

The facts are stated in the opinion.

*J. R. Scott,* and *F. D. Howard,* for Appellant.

*Brousseau & Hatch,* for Respondent.

VANCLIEF, C. — There was a judgment by default
against the defendant upon a non-negotiable promissory
note, the judgment being for $1,894.07, rendered Novem-
ber 8, 1888.

On December 27, 1888, the defendant gave notice that
he would move the court, on January 7, 1889, to set
aside the default and judgment, on the ground that his
default was entered "through his mistake, inadvertence,
surprise, and excusable neglect." The motion was heard
on the affidavit of the defendant, and the affidavit of one
of the attorneys for the plaintiff. There was no showing
by the defendant of any mistake, inadvertence, or sur-
prise; and the only excuse offered for his neglect is,

that, on the seventh day of November, 1888,—one day after the expiration of the time allowed him by law in which to answer,—"he became suddenly and violently ill," and was forbidden by his physicians to attend to any business whatever, and "that he remained under the care and instructions of his physicians until about four days after his default; . . . . and at the time of the entry of said default, and one day prior thereto, defendant was confined to his bed, and so ill that he was unable to appear personally, or to instruct others to enter such appearance for him in the above-entitled cause, and during all of said time defendant was unable to act or think intelligently on business matters."

He shows no meritorious defense, except that, in the stereotyped form, he states that he is advised by his counsel, and verily believes, "that he has a good and substantial defense on the merits of the action to the extent of $450," but does not state the nature of such defense. He further states that one Mrs. Perly claims the ownership of the note in suit, or the money secured thereby, and that he had been informed by plaintiff that he (plaintiff) had assigned said note to Mrs. Perly. All this part of the affidavit relating to Mrs. Perly is disputed by the affidavit of plaintiff's attorney, who deposes that he is also the attorney for Mrs. Perly, and that she does not claim the ownership of the note, nor the money thereby secured; and that the only interest she has is one undivided half of the judgment rendered by assignment from the plaintiff. Defendant was served with summons within the county in which the suit was brought, yet states no reason why he did not answer within ten days after service. Nor does any reason appear why he delayed giving notice of his motion to open the default nearly two months after the judgment.

Upon the hearing of the motion, the court made the order appealed from as follows:—

"Upon payment within ten days from this date, by

the defendant to the plaintiff, of all the said judgment over and above the sum of $450, that he be allowed to come in and answer and defend as to the said sum of $450; otherwise, the judgment to stand in full force and effect."

Upon the showing made, I think the court would have been justified in denying the motion unconditionally. Granting the defendant the privilege of answering as to $450 upon the condition that within ten days he should pay the remainder of the judgment, which he did not dispute, may therefore be regarded rather as matter of grace than of right, from which it does not follow, as contended by appellant's counsel, that the court must necessarily have found that the negligence of defendant was entirely excusable, and that he had a meritorious defense to a part of the judgment.

Under the circumstances, the terms upon which the court ordered the default to be opened cannot be said to be unjust, or to indicate an unwarrantable exercise of the discretionary power of the court, and I therefore think the order should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.