## DREW v. ROGERS.

### No. 18,245; December 19, 1893.

#### 34 Pac. 1081.

Chief of Police—Election.—Where One, Without the Qualification of being a citizen of the United States, has been elected to the office of chief of police of a city, the election will be annulled and his certificate canceled.[1]

[1] Cited in People v. Bass, 15 Cal. App. 68, 113 Pac. 697, where the court, speaking also of People v. Rogers, 118 Cal. 393, 46 Pac. 740, 50 Pac. 668, says: "People v. Rogers was a different case, and the parties plaintiff were different from the case of Drew v. Rogers."

Cited in People v. Wilson, 6 Cal. App. 129, 91 Pac. 663, in respect of the judgment therein having been admitted in evidence in People v. Rogers, 118 Cal. 394, 46 Pac. 740, 50 Pac. 668, which was a case distinct from the other.

Cited in People v. Rogers, 118 Cal. 395, 397, 398, 400, 50 Pac. 668, 669, as part of history of the case, the one case growing out of the other.

24

APPEAL from Superior Court, Sacramento County; W. C. Van Fleet, Judge.

Proceeding by Moses M. Drew against John B. Rogers to contest defendant's right to the office of chief of police. Judgment for plaintiff. Defendant appeals. Affirmed.

Robert T. & Wm. H. Devlin and Brusie & Layson for appellant; Johnson, Johnson & Johnson and C. T. Jones for respondent.

PER CURIAM.—On March 8, 1892, there was a general municipal election in the city of Sacramento, at which the defendant, Rogers, received the highest number of votes for the office of chief of police of that city. He received a certificate of election and entered upon the duties of the office. This proceeding was brought in the superior court, under section 1111 et seq. of the Code of Civil Procedure, to contest the right of said Rogers to hold said office, upon the ground that he was not eligible thereto at the time of said election. The court found that he was not eligible, and entered judgment annulling the election and canceling the said certificate. From this judgment Rogers appeals.

The appellant was born in Australia, of British parents, and came with them to this country when a child; and the question before the court was whether or not he had become a citizen of the United States ninety days before the election. He contends that he had at that time become a citizen—first, because his father, Thomas H. Baxter, was naturalized before appellant was twenty-one years old; and, second, because, while he was a minor, his mother, Mary Baxter, married one W. A. Rogers, who was a native-born citizen. As to the first of these contentions, the court found that appellant's father was not naturalized until after appellant had attained his majority; and the evidence upon that point was such, to say the least of it, as to leave no room for disturbing the finding. As to the second contention, the court finds that at the time of the alleged marriage of Mary Baxter to W. A. Rogers the husband of the former, Thomas H. Baxter, was living, and continued to live until after the death of said Mary; and that, while they had separated, they were never divorced; and this finding is clearly warranted by the evidence. Appellant con-

tends that the law to sustain the second marriage will presume a divorce, but it is not necessary to inquire into the correctness or extent of such presumption, for the court finds that, independent of the absence of proof of divorce, there never was any marriage between appellant's mother and said W. A. Rogers; and we cannot say that the evidence does not warrant such finding. There are no other points in the case which we deem necessary to be noticed. As remarked by the learned judge of the court below, it is perhaps unfortunate that the judgment is not in harmony with the choice of a majority of the voters as expressed at the time of said election, but the will of the people can be exercised only by the methods and within the limitations prescribed in their constitution and laws. The judgment appealed from is affirmed.