[No. 15318.   Department One.—December 3, 1894.]

ALFRED G. LAY, RESPONDENT, v. HENRY F. PAR-
          SONS, APPELLANT.

ELECTION—STAMPING BALLOTS.—The provision of the election law requiring
    the voter to mark his ballot by means of a stamp, by putting a cross
    opposite the name of each candidate thereon for whom he intends to
    vote, is mandatory.
ID.—IDENTIFICATION OF BALLOTS—APPEAL.—On an appeal in an election
    contest, in order that the ruling of the trial court in counting a ballot
    claimed to have been defectively stamped may be reviewed, either the
    original ballot authenticated and identified in some appropriate manner,
    and properly referred to in the bill of exceptions, should accompany the
    record, or a *fac simile* copy thereof should be embodied therein.
ID.—REVIEW ON APPEAL—EXCEPTIONS.—The rulings of the trial court in
    counting the ballots will not be reviewed by the appellate court unless
    exceptions were reserved thereto at the trial.

APPEAL from a judgment of the Superior Court of
Santa Cruz County.

The facts are stated in the opinion of the court.

*Spalsbury & Burke,* and *Charles B. Younger,* for Ap-
pellant.

*Z. N. Goldsby,* for Respondent.

VAN FLEET, J.—This is a contest under section 1111
of the Code of Civil Procedure, involving the right of
the parties thereto to the office of supervisor in district
No. 1 in Santa Cruz county.  The contest involved
simply a question as to which of the parties had received
the highest number of legal votes for that office at the
general election in November, 1892, and the trial, as is
usual in such instances, consisted substantially in a re-
count of the ballots from the precincts comprised within
the supervisor district.  The court found that the re-
spondent had received three hundred and seventeen
votes, and the appellant but three hundred and sixteen,
and by its judgment declared respondent elected.  De-
fendant appeals from the judgment upon a bill of
exceptions, in which the only questions presented are as

to the correctness of rulings made by the lower court in counting certain ballots for respondent which were objected to, and rejecting other ballots which appellant claims he was entitled to have counted for him.

The record is not such as enables us to review any of the alleged errors satisfactorily, while most of them are not open to review at all by reason of appellant's failure to reserve exceptions to the rulings complained of. Among the ballots produced at the trial was one described in the bill of exceptions as being a ballot "upon which there appeared in the blank margin opposite the name of the defendant an irregular blot, without the semblance of a cross, apparently made with the same ink with which all the other ballots were marked," and "that on said ballot in the blank margin opposite the names of all candidates for supervisor, other than defendant, no mark or stamp appears." The respondent objected to the counting of this ballot for appellant upon the ground that his name was not marked with a cross as required by law, and it was rejected, and the action of the court is now assigned as error. We cannot say that there was any error in this ruling. It is manifest from the description of the ballot above given that a perfect apprehension and understanding of the alleged defect could be best had only by a visual inspection; this the court below had an opportunity to make with the ballot before it, but this court has not, as neither the original ballot nor a copy is either incorporated into or accompanies the record. We have nothing by which to test the correctness of the conclusions of the court below but the word picture of the ballot as it appeared to the judge who tried the case. The law requires the voter to mark his ballot by means of a stamp, by putting a cross opposite the name of each candidate thereon for whom he intends to vote. This provision of the law is, we think, mandatory, and no other method will satisfy it. The court below found that this ballot was not so marked, and we cannot on the record as presented disturb its finding in that regard. In instances involving

defects like the one here complained of, in order to put this court as nearly as possible in possession of the facts as they appeared to the lower court, either the original ballot authenticated and identified in some appropriate manner, and properly referred to in the bill of exceptions, should accompany the record, or a copy by photographic or other process by which a *fac simile* can be produced should be in the bill of exceptions. Certain ballots were produced before us at the argument which appellant claimed to be the original ballots involved, but they were in no way identified or authenticated so as to entitle them to be considered by this court for any purpose.

These considerations apply equally to the ruling of the court in excluding the ballot designated as " Ballot 3" from Branciforte precinct. The objectionable feature of the ballot was in all substantial respects identical. These were the only rulings of the court to which any exception has been reserved. Five other ballots were ruled upon adversely to the contention of appellant, but in none of the five instances did he take an exception. It is contended by appellant, however, that he is entitled to have these rulings reviewed, notwithstanding no exception was taken in the court below. His argument is that this is a case in which the people are interested in the result, and is not to be treated as an ordinary adversary proceeding; that if the lower court erred in any of its rulings the public is entitled to have it set right, whether any exception was preserved by the parties or not. We know of no case that has carried the doctrine invoked to the length contended for. We are aware that it has been held in several of these contested election cases that they are not to be regarded as of purely an adversary character; that the public has an interest in their proper determination which will prevent their being disposed of otherwise than on their merits, and hence that a default cannot be taken or a dismissal had which will preclude an examination into the merits of the controversy. (*Searcy* v. *Grow*, 15 Cal. 117; *Minor*

v. *Kidder*, 43 Cal. 229; *Lord* v. *Dunster*, 79 Cal. 477.) But none of the cases carry this principle to the extent of holding, or even intimating, that the usual and ordinary rules for the introduction and taking of evidence, and other rules for the orderly conduct of judicial proceedings, do not apply as much to cases of this character as to any ordinary civil action. Not only has this always been the practice in such cases, but it is the rule provided by the code itself. Section 1122 provides that: " The court must be governed in the trial and determination of such contested election by the rules of law and evidence governing the determination of questions of law and fact, so far as the same may be applicable." We perceive no good reason why the rule as to preserving exceptions to adverse rulings is not in its nature as applicable here as in any other proceeding. Any other rule would but lead to confusion and uncertainty, and subserve no good purpose.

We may add, however, that notwithstanding the absence of exceptions in this case, we have taken occasion to examine the rulings in question, and find none which, in our judgment, should reverse the judgment.

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.