[Sac. No. 938. In Bank.—June 25, 1902.]

J. SALCIDO, Respondent, v. J. W. ROBERTS, Appellant.

ELECTION CONTEST—INVALID BALLOTS—IDENTIFYING MARKS.—Ballots containing identifying marks are invalid, and must be rejected in counting the ballots upon an election contest. The writing of a name on a ballot in any other place than in the blank column, the erasure of a written name so as to leave a conspicuous mark upon the ballot, the partial rubbing out of one of two crosses improperly placed after a constitutional amendment, the stamping of two crosses after the same name, and the stamping of a cross after names written in the blank column, are each and all identifying marks which render any ballots containing either of them invalid.

ID.—BALLOTS FOR TWO PERSONS FOR SAME OFFICE.—Ballots marked for two persons for the same office invalidate the ballot for that office only, and merely require that it shall not be counted for either, unless some erasure is made which causes an identifying mark on the ballot that vitiates it entirely.

APPEAL from a judgment of the Superior Court of Calaveras County. C. V. Gottschalk, Judge.

The facts are stated in the opinion of the court.

James A. Louttit, Ira H. Reed, and F. J. Solinsky, for Appellant.

Nicol, Orr & Nutter, and J. P. Snyder, for Respondent.

BEATTY, C. J.—This is an election contest. Upon a canvass of the returns the board of supervisors found that the appellant had received 252 and the respondent 250 votes for the office of supervisor of San Andreas Township, Calaveras County, and issued their election certificate accordingly. Upon a recount of the ballots in this proceeding, the court decided that the appellant had received but 226 legal votes, and that the respondent had received 228. A judgment was accordingly entered in favor of the latter, from which the defendant prosecutes this appeal.

1. The court erred in counting for respondent the eight ballots numbered 17, 21, 30, 48, 53, 56, 72, and 80. They each bear what has been held to be a distinguishing mark. The name of Halley was written, not in the blank column, where the law directs that it shall be written, but under the words "Justice of the Peace" in the Republican, Democratic, or Prohibition column. So written it could not be counted, and served no purpose, unless to identify the ballot. It was a legal mark, but in an illegal place, and therefore invalidated the ballot, under the principle decided in the several cases referred to in the late case of *Patterson* v. *Hanley,* 136 Cal. 265, and there followed.

2. The court also erred in counting ballot No. 55 for respondent. It contained a cross stamped opposite the name of respondent in the proper place, but it also contained the name J. J. Halley written in the blank column under the heading "For Supervisor, District No. 1" (San Andreas Township).

It cannot be said for which party the voter intended to vote, and the ballot should not have been counted for either. (Pol. Code, sec. 1211.)

We discover no other error in the rulings of the court upon the defendant's objections, but the deduction of the nine votes above specified from the total of 228 legal votes found to have been cast for respondent necessarily involves a reversal of the judgment, unless it should appear that at least eight of respondent's exceptions are well taken.

Of the ballots objected to by respondent, we think that No. 14 should not have been counted for appellant. The voter had written a name under the words "For District Attorney" in the blank column. He had also stamped the name of A. I. McSorley for district attorney in the Democratic column. If he had left it in this condition it would have been valid in all respects, except that it could not have been counted for any one for the office of district attorney, but the voter attempted to rub out the written name, and succeeded in rendering it illegible, but at the same time left a conspicuous mark on the ballot, by which it might easily have been identified. To count this ballot was error.

It was likewise an error, for the same reason, to count ballot No. 57 for appellant. The voter had stamped "Yes" and "No" after a proposed constitutional amendment and had then partially rubbed out the cross after "Yes."

Ballots No. 20 and No. 32 were properly rejected. On each ballot the cross had been stamped twice after the name of a candidate. (*Farnham v. Boland,* 134 Cal. 151; *Patterson v. Hanley,* 136 Cal. 265.)

Neither did the court err in rejecting ballots No. 41 and No. 82, upon each of which the cross was stamped after names written in the blank column. This was placing the stamp in an illegal place within the principle of the above-cited cases.

This disposes of all the exceptions which the respondent has referred to in his argument, and leaves the appellant an apparent majority of five votes.

The judgment of the superior court is therefore reversed and the cause remanded.

Harrison, J., Garoutte, J., Van Dyke, J., and Henshaw, J., concurred.