[S. F. No. 2982.    In Bank.—January 30, 1904.]

J. H. McMENOMY, Respondent, v. A. S. RUCH, Appellant.

CONTEST OF ELECTION—MARKED BALLOTS.—Upon a contest of an election all ballots marked by a cross placed in the square at the right of the words "No nomination," on the face of the ballot, are to be rejected as containing an identifying mark, regardless of the number of the ballots so marked.

ID.—EVIDENCE—PRESERVATION OF BALLOTS — PRELIMINARY PROOF—WAIVER OF OBJECTION—BALLOTS AS PRESUMPTIVE EVIDENCE.—Where preliminary proof was made to the effect that the ballots were in the same condition when offered in evidence as they were when inclosed in the packages sealed by the election officers, and no objection was made as to the integrity of the ballots or to their introduction in evidence, all objection to the sufficiency of the preliminary proof was waived, and the ballots counted were in themselves presumptive evidence that all crosses stamped thereon were made by the voters.

ID.—SPOLIATION OF BALLOTS—BURDEN OF PROOF—PRESUMPTION.—The burden of proving any spoliation of the ballots by the election officers is on him who asserts it; and in the absence of such evidence it will be presumed that the officers obeyed the law, and preserved the ballots unaltered.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

W. A. Dow, for Appellant.

A. L. Frick, M. C. Chapman, F. C. Clift, and Reed & Nusbaumer, for Respondent.

SHAW, J.—This is an election contest brought under the provisions of the Code of Civil Procedure. Judgment was given in favor of the contestant, and from that judgment the contestee appeals. It was stipulated upon the trial that if sixty of the ballots cast at the election in favor of the contestee had been counted for him by the court that the judgment should have been in his favor. The objection to these ballots was, that each contained an identifying mark, consisting of a cross placed by the voter in the square at the right of the words ''No nomination'' on the face of the ballot.

One contention of the appellant is, that there was no sufficient proof that the objectionable marks upon the ballot were placed there by the voters before they were handed to the election officers to be deposited in the ballot-box, and that, for aught that appears from the evidence, the marks may have been placed upon the ballot by some other person after they left the hands of the voters. It appears that preliminary proof was made to the effect that the ballots were in the same condition at the time they were offered in evidence as they were in at the time the ballots were inclosed in the sealed packages by the election officers at the close of the count on election day, at the respective polling-places. Thereupon, on motion of the contestant, the several packages were opened and the votes for the contestant and contestee respectively, as shown on the ballots, were counted. The contestee at no time during the trial made any objection concerning the integrity of the ballots, nor raised the point that he now seeks to make in this court. By thus failing to object to the ballots he waived the objection now made to the sufficiency of the preliminary proof.

The specification in the bill of exceptions that the evidence was insufficient to justify the finding that the crosses in question were placed on the ballot by the voter is not sustained by the record. The integrity of the ballots having been shown satisfactorily, the packages opened and

the ballots counted, they were in themselves presumptive evidence that all crosses stamped thereon were made by the voters. It is not claimed that there was anything in the condition of the sealed packages, nor on the face of the ballots, that would cause a suspicion that they had been tampered with. It has been held that as the election officers act under the sanction of an official oath, and as the act of changing a ballot is a felony (Pen. Code, sec. 41), the burden of proving any such spoliation of the ballots is on him who asserts it, and that in the absence of evidence it will be presumed that the officers obeyed the law and preserved the ballots unaltered. (*Budd* v. *Holden,* 28 Cal. 133.)

The only other contention of the appellant is, that the marks above mentioned upon the ballots, consisting of a cross opposite the words "No nomination," are not sufficient to make the ballots invalid, because, he says, the number of them prevented the identification of any one ballot as the one cast by any particular voter, and therefore identification is impossible. This precise question was considered by this court in the case of *Maddux* v. *Walthall,* 141 Cal. 412, holding that, notwithstanding the number of such ballots in any particular precinct, they still must be considered illegal ballots under the provisions of the election law in force at the time this election was held.

Upon the authority of that case, and for the reasons above given, the judgment of the court below is affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.