[L. A. No. 1382. Department One.—February 2, 1904.]

## WILLIAM J. KINCAID, Appellant, v. EDWARD W. REID, Respondent.

CONTEST OF ELECTION—MARKED BALLOTS.—Every ballot marked with a cross stamped after the words "No nomination," bears a distinguishing mark, which is prohibited and renders the ballot illegal and void, and must be rejected upon a contest of election, regardless of the number of ballots so stamped.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Henry W. Nisbet, and Charles L. Allison, for Appellant.

H. M. Willis, and E. R. Annable, for Respondent.

VAN DYKE, J.—Appellant and respondent were candidates, respectively, for the office of member of the board of supervisors of the second supervisorial district of San Bernardino County, at the election held November, 1902. The board of supervisors of said county met and canvassed the returns of said election in said county at the time and as required by law. It appeared from said returns comprising

said supervisorial district, that the appellant had received six hundred and fifty votes for said office, while the respondent had received seven hundred votes therefor, and a certificate of election was thereupon issued by said board to the respondent.

The supervisorial district comprised thirteen voting precincts, and in counting the votes thereof the election officers of each of said precincts rejected and refused to count certain ballots for the sole and only reason that the voting-cross was stamped opposite the words "No nomination." Such ballots so rejected aggregated a total of one hundred and one votes, but had such ballots been counted they would have shown that the appellant had received a total of seven hundred and fifty-one votes for said office, and a higher number of votes than were received by the respondent or any other person for said office.

It is conceded by the appellant, in the brief of his counsel, that the only question involved on this appeal is whether or not said rejected ballots were illegal ballots. "If they were, the judgment should stand; if not, then appellant's statement of contest states facts sufficient to entitle him to the relief therein prayed for, and the judgment should be reversed." It is contended by the appellant that where two or more ballots are stamped as stated it does not amount to a distinguishing mark so as to identify the person who may have so voted. But this question may be considered as settled by the decisions of this court against the contention of the appellant. In the late case of *Maddux* v. *Walthall*, 141 Cal. 412, in the opinion of the court in Bank it is said: "That such a mark is prohibited and renders the ballot illegal and void has been repeatedly decided." (Citing *Farnham* v. *Boland*, 134 Cal. 151; *Salcido* v. *Roberts*, 136 Cal. 670; *Patterson* v. *Henley*, 136 Cal. 265, and *People* v. *Campbell*, 138 Cal. 11.)

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.