[Sac. No. 1184.   In Bank.—February 18, 1904.]

# A. A. MERKLEY, Respondent, v. CHARLES E. TRAINOR, Appellant.

CONTEST OF ELECTION—MARKED BALLOTS.—Upon a contest of election, all ballots marked with a cross after the words "No nomination" are illegal and void, and must be rejected, regardless of the number of such ballots that may be found in the ballot-box of any precinct.

ID.—EVIDENCE—OFFICIAL RETURNS—BALLOTS.—Though the ballots are the best evidence of their contents, and must prevail over the official returns when in conflict therewith, yet the official returns are *prima facie* correct, and constitute legal evidence of the true vote and result in any precinct, in the absence of impeaching evidence.

ID.—PROOF OF RETURNS BY CONTESTANT—OBJECTION—MOTION FOR NON-SUIT.—The contestant, though he attacked in his statement the official returns of certain precincts, was at liberty at any time before the actual admission of the ballots in evidence, to accept as true the denial of the answer that there was any error in such returns, and may abandon his contest in relation thereto, and offer the official returns of those precincts in evidence against the objection of the contestee, and a motion for a nonsuit because the ballots cast therein were not counted was properly denied.

APPEAL from a judgment of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, A. M. Seymour, and D. L. Donnelly, for Appellant.

A. L. Shinn, Philip S. Driver, B. F. Driver, and F. A. Griffin, for Respondent.

ANGELLOTTI, J.—This is an election contest, involving the right of contestee to the office of tax-collector of the county of Sacramento, to which he was declared by the supervisors to have been elected at the general election held on November 4, 1902.   The trial court found that at such election the contestant received 3,924 legal votes for said office, and that the contestee received only 3,726 legal votes, and judgment was

entered annulling and canceling the certificate of election issued to contestee, and declaring that contestant was at the said election duly elected to said office. The contestee appeals from said judgment.

1. Upon the count, the trial court refused to count for contestee a large number of ballots cast for him upon each of which a cross had been stamped by the voter in the square opposite the words "No nomination," which words appeared under the designation of the office of county clerk and that of county surveyor on the Democratic ticket, there having been no candidate for either of those offices on that ticket. It is the settled law of this state that a ballot which has been so marked by the voter is illegal and void, and must be rejected, and this regardless of the number of such ballots that may be found in the ballot-box of any precinct. (See *Maddux* v. *Walthall*, 141 Cal. 412, and cases there cited.) The trial court, therefore, did not err in refusing to count these ballots for contestee.

No other objection is made on this appeal as to the rulings of the court in the matter of the counting of ballots.

2. As to six of the seventy-six precincts of the county, the official returns of the votes cast were admitted in evidence over the objection of contestee, and, the ballots therefrom not being counted by the court, such returns constituted the only evidence as to the vote cast for the parties in such precincts.

The contestant had in his statement of grounds of contest alleged that in each of the precincts of the county the board of election thereof had counted for contestee ballots which should not have been so counted, and had failed to count for contestant ballots which should have been counted for him. This allegation was denied by contestee. Upon the trial, the ballots from the remaining precincts having been, at the instance of the contestant, counted by the court, the contestant having made preliminary proof as to their integrity, offered in evidence the ballots from each of the six precincts, whereupon contestee objected to their introduction, and contestant withdrew the offer, stating that he did so in view of contestee's objection. Subsequently, contestee announced that he withdrew the objection to the ballots. Contestant, however,

offered the official returns from those precincts, and the objection of contestee that the same did not constitute the best evidence having been overruled, the returns were received in evidence.

Contestant having rested, contestee moved for a nonsuit, one of the grounds of such motion being, that the contestant had failed to complete the count of all the ballots cast at the election, and that there was therefore nothing to disclose which candidate received the higher number of votes for the office.

The rulings of the court admitting the returns and denying the motion for a nonsuit are assigned as error.

We can see nothing whatever in the point thus made. It is of course true that the ballots themselves are the best evidence of their contents, and must prevail over the returns where there is a conflict. The returns are, however, *prima facie* correct, and constitute the only proof of the result until they are impeached by evidence showing that they are incorrect. Either party may so impeach them, if the issues made by the pleadings are such as to warrant the proof, by the ballots showing a different result; but we know of no principle requiring either party to attack the official returns of any precinct in a case where he is satisfied to accept such returns as correct. Unless attacked and overcome by other evidence, such official returns stand and constitute legal evidence showing the true vote of the precinct.

It can make no difference that the contestant in his statement attacked the returns from these precincts, or that on the trial he, to an extent apparently unsatisfactory to the contestee, as shown by his objection, proved the integrity of the ballots from the six precincts. He was at liberty at any time prior to the actual admission of the ballots in evidence to accept as true the denial in the answer of the contestee to the effect that there was no error in the returns from those precincts, abandon his contest as to those precincts, and accept as correct the official returns therefrom.

3. The only remaining point made is as to the refusal of the court to strike out certain portions of contestant's statement of contest. The portions involved in the motion consist of a separate allegation of malconduct on the part of the board of election in the counting of votes as to each of the seventy-

six precincts of the county. No notice was given of the motion.

The allegations were relevant and material, and, while the subject-matter thereof might have been more concisely stated, the refusal of the court to strike the same out could not constitute error warranting a reversal.

The judgment is affirmed.

McFarland, J., Shaw, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.