[Sac. No. 1283. In Bank.—February 23, 1905.]

## T. E. McCARTHY, Appellant, v. S. B. WILSON, Respondent.

Election Contest—Appeal after Sixty Days—Review of Errors in Admission and Rejection of Ballots.—Although the rule that the sufficiency of the evidence to sustain the decision of the court cannot·be reviewed upon an appeal taken more than sixty days after the rendition of the judgment is applicable to election contests, yet errors in the admission and rejection of ballots excepted to at the trial are not within that rule, and may be reviewed upon an appeal from the judgment taken after the lapse of that period.

Id.—Ballots Improperly Admitted—Distinguishing Marks.—Ballots stamped after the words "No nomination," or stamped after a written name, or stamped with two crosses after the same name, or containing pencil-marks in an improper place, bear distinguishing marks, and were improperly admitted in evidence.

Id.—Ballots Improperly Excluded—Marks not Distinguishing.— Ballots containing marks not sufficiently distinguishing to invalidate them were improperly excluded from evidence.

Id. — Officers of Election — Ineligibility — Officers De Facto — Voters not Disfranchised.—The ineligibility of officers of election, who were in fact appointed and served as officers *de facto,*

cannot, in the absence of a showing of fraud, disfranchise the voters of the precinct.

ID.—NEGLECT OF ELECTION OFFICERS WITHOUT INJURY.—The neglect of the election officers to comply with the law by failing to write their names across the seal of the envelope containing the ballots cannot operate to disfranchise the voters of the precincts at which such neglect occurred, where the ballots were properly preserved and it is manifest that no injury resulted from such neglect.

ID.—FINDINGS — IMMATERIAL OMISSIONS — ELIGIBILITY — PLEADING. — Where the findings of the court were against the appellant, the omissions to find as to his eligibility, or as to the eligibility of respondent, not stated as a ground of contest, or as to facts admitted by the answer, were immaterial.

APPEAL from a judgment of the Superior Court of El Dorado County. J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

Charles A. Swisler, Abe Darlington, and Clarke Howard, for Appellant.

William F. Bray, and W. C. Burgess, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment given in an election contest. The office in question is that of superintendent of schools of El Dorado County, and the appellant and respondent were the candidates for said office at the general election held on November 4, 1902. Upon the canvass by the board of supervisors respondent was declared elected, and this contest was thereupon instituted by appellant. The ground of the contest was malconduct on the part of the election officers in the matter of counting the votes, appellant claiming that he had received the highest number of legal votes, and that such fact would be ascertained by a recount. At the trial all of the ballots cast at the election were recanvassed by the court, with the result that the court found that appellant had received 1,050 votes and respondent 1,115 votes. Judgment was thereupon, on March 20, 1903, entered, confirming the election of respondent.

1. The appeal herein was not taken until September 18, 1903, and it is urged by respondent that as the appeal was not taken within sixty days after the rendition of judgment the rulings of the trial court upon the various ballots to

which objections were made during the progress of the re-count cannot be reviewed.

Admittedly, subdivision 1 of section 939 of the Code of Civil Procedure, providing that an exception to the decision on the ground that it is not supported by the evidence, can-not be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment, is applicable to election contests. (Code Civ. Proc., sec. 1126; *Packard* v. *Craig,* 114 Cal. 95, 98.) The theory of the respondent is, that inasmuch as the trial court counted the ballots, and found that appellant received a certain num-ber of votes and respondent a larger number, any review of the rulings of the court upon individual ballots in the making of the count would be a review of the findings of the court, for the purpose of determining whether the same were sus-tained by the evidence. It is said by respondent that the fact which appellant endeavors to show is, that a count of the ballots received by the court in evidence shows a majority for appellant, which, as held in *Packard* v. *Craig,* 114 Cal. 95, 98, cannot be done where the appeal is taken more than sixty days after rendition of judgment.

There is nothing in this contention. What appellant com-plains of is not that the trial court reached a conclusion that is not sustained by the evidence actually admitted and taken into consideration, but that it expressly refused to ad-mit and take into consideration certain proper evidence, con-sisting of ballots legally voted for him, and erroneously excluded, and took into consideration certain other evidence, consisting of ballots purporting to be for respondent, which, by reason of their illegality, should not have been admitted.

This presents questions as to whether the court erred in the admission and rejection of evidence, questions of law which are not foreclosed by the failure to appeal within sixty days. It is well settled that this court will not review the ruling of the trial court upon any particular ballot, in the absence of exception reserved thereto by the party complaining (*Lay* v. *Parsons,* 104 Cal. 661), and that no objection to a ballot will be considered by this court unless it has been specifically made in the trial court. (*People* v. *Campbell,* 138 Cal. 11, 22; *Langley* v. *Head,* 142 Cal. 368, 371.) Each particular ballot is regarded as a piece of evidence, and the ruling of

the court on an objection thereto, when excepted to by the injured party, is reviewable by the appellate court on an appeal from the judgment, to the same extent as any other ruling in the matter of the admission or rejection of offered evidence. Such rulings can be reviewed in no other way. If they are erroneous and sufficient in number to materially affect the judgment, the judgment must be reversed.

There is nothing in *Packard* v. *Craig,* 114 Cal. 95, 98, inconsistent with these views. The record of that case shows that it was not sought therein to review the ruling of the trial court upon any particular ballot, and this court expressly said that questions as to whether or not the court erred in admitting certain evidence were properly before them on that appeal.

2. There were ninety-six ballots, commonly known as "No nomination" ballots,—i. e. ballots containing the printed words "No nomination" in the absence of a nominee for a particular office, upon which the voter had stamped a cross after the words "No nomination." Eighty-seven of these contained a vote for respondent, and nine contained a vote for appellant. The trial court originally sustained objections to all of these ballots, but subsequently reconsidered its rulings, overruled the objections thereto, and admitted them in evidence. The appellant duly excepted to this ruling.

That these ballots were void and should have been rejected cannot now be doubted, in view of the many decisions of this court upon the subject of "No nomination" ballots. (See *Maddux* v. *Walthall,* 141 Cal. 412, 414, and cases there cited; *Kincaid* v. *Reid,* 142 Cal. 88; *Merkley* v. *Trainor,* 142 Cal. 265; *McMenomy* v. *Ruch,* 142 Cal. 77; *Treanor* v. *Williams,* 145 Cal. 315.) The trial court therefore erred in overruling the objections to these ballots. As eighty-seven of these were counted for respondent and only nine for appellant, the net loss to appellant by reason of these erroneous rulings was seventy-eight.

The trial court also overruled the objections of appellant to seven ballots containing a vote for respondent, on each of which the voter had written a name in the blank column on the ballot, and had stamped a cross after such written name. The objections to these ballots should have been sustained, and the ballots rejected. (*Salcido* v. *Roberts,* 136 Cal. 670;

672.)  The loss to appellant by reason of these erroneous rulings was seven, which makes his total loss eighty-five, or nineteen more than is necessary to overcome the majority of sixty-five found by the court for the respondent.

The prejudicial effect of these errors is therefore apparent, unless it appears that there were other errors against respondent, sufficient in number to overcome the apparent majority of appellant. For the purpose of ascertaining the condition in this regard, we have examined all the other rulings of the court in the matter of the ballots, so far as such rulings were made the subject-matter of exceptions. Such examination discloses that there were eight errors against respondent and eight against appellant. Ballots 658, 868, 360, 1100, 1805, 2142, and 2153, all respondent's ballots, should have been counted for him. In no case was the mark thereon, serving as the basis of an objection that the ballot bore a distinguishing mark, of such a character that it should have been held to invalidate the ballot. Ballot 360, counted for appellant, should have been excluded, the voter having placed two distinct crosses thereon after the name of one candidate.

On the other hand, ballots 70, 217, 551, 564, and 1192, all for appellant, should have been counted for him, the alleged distinguishing mark in no case being such as to invalidate the ballot. Ballots 221, 950, and 959, counted for respondent, should have been excluded, two of these because of two or more distinct crosses after the name of a single candidate, and the other because of pencil-writing in an improper place upon the face of the ballot. These are the only other errors found, and they simply balance each other.

Objections were made by respondent to the counting of the ballots from four precincts of the county, upon the ground that in each of said precincts one or more of the members of the election board was ineligible to act thereon for the reason that he had been a county or a township officer within ninety days next preceding the election. The basis of this objection is section 1142 of the Political Code, which, providing for the appointment of boards of election by the board of supervisors or other board having control of elections, declares that "No person shall be eligible to act as an officer of election at any precinct who has been employed in any

official capacity in the county, or city and county, in the state, within ninety days next preceding any election.'' The objections were properly overruled. Conceding that the evidence showed that certain members of these boards came within the inhibition of section 1142 of the Political Code, and were therefore ineligible, they nevertheless did act, and were at least *de facto* officers of election, and as such their acts were valid in the absence of fraud, even though they did not possess all the qualifications requisite for the office. Certainly no principle of law would warrant the disfranchisement of the voters of a precinct on any such ground as the one relied on as the basis of this objection. (See *Whipley* v. *McKune*, 12 Cal. 352; *People* v. *Prewett*, 124 Cal. 13.)

Objections were made by respondent to the ballots from two precincts, upon the ground that the election officers had not written their names across the seal of the envelope, as required by section 1259 of the Political Code, and that there was nothing to show by whom the envelopes had been sealed, or whether they had been opened after being sealed. The record does not show that the names of the members of the board had not, as a matter of fact, been written across the seal, but assuming such to have been the condition, the ballots should not have been excluded. There was no pretense that these were not the original ballots from these precincts, delivered by the election boards thereof to the county clerk, and retained safely in his possession continuously thereafter, or that the packages were not in precisely the same condition when produced in court as when received by the county clerk.

Of course the members of the election boards should have complied with the law and written their names across the seal of the envelope containing the ballots, but their failure to so do cannot warrant the disfranchisement of all the voters of those precincts, where it is manifest that no injury resulted therefrom. The objections were properly overruled.

This disposes of all the points made by respondent, and shows that the errors in regard to the ''No nomination'' ballots and the seven ballots whereon a cross was stamped after a written name substantially prejudiced appellant's cause, and necessitate a reversal.

Appellant makes certain other points for a reversal of the judgment, none of which is tenable. The findings fully cov-

ered all issues material to the conclusion reached. It being found that appellant did not receive a majority of the votes, the failure to find that he was eligible to the office is not material. It was, of course, not necessary to find upon such allegations in the statement as were admitted by the answer, either by specific statement or failure to deny. The failure to find upon the matters stated as a "further and separate defense" by respondent, is a matter concerning which appellant has no ground of complaint, for it could not prejudice him. It was not necessary that the court should find as to the respondent's eligibility, for there was no question, under the pleadings as to his eligibility. The Code of Civil Procedure specifies various grounds of contest, one of which is that the person whose right to the office is contested was not, at the time of the election, eligible to such office. (Sec. 1111, subd. 2.) Where this ground is relied on, it should be alleged in the statement. (Code Civ. Proc., sec. 1115.)

The judgment is reversed and the cause remanded for further proceedings.

Van Dyke, J., McFarland, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing and petition for modification denied.