[Civ. No. 125.     Third Appellate District.—November 9, 1905.]

T. E. McCARTY, Respondent, v. S. B. WILSON, Appellant.

ELECTION CONTEST—BILL OF EXCEPTIONS—TIME FOR SERVICE OF DRAFT.—After judgment rendered upon an election contest, the draft of the bill of exceptions of the losing party must be prepared and served within the ten days allowed by the terms of section 650 of the Code of Civil Procedure, unless the time for so doing is extended by the judge, or by stipulation.

ID.—JUDGMENT FOR CONTESTANT—NEGLECT OF CONTESTEE—CONDITION OF RELIEF—SURRENDER OF OFFICE—SECURITY BY CONTESTANT—DISCRETION.—Where a former judgment for the contestee was reversed by this court, which decided the election of the contestant, who obtained judgment upon a second trial, and the contestee neglected to serve his draft of the bill of exceptions in time, the court acted within its power and discretion, in making it a condition of relief from such neglect, that the contestee should surrender the office

to the contestant pending an appeal from the judgment, which he might otherwise hold during the term of office, the contestant being required to give security to repay to the contestee all emoluments received, should the contestee prevail in his appeal.

APPEAL from a judgment of the Superior Court of El Dorado County. H. D. Arnot, Judge.

The facts are stated in the opinion of the court.

William F. Bray, and W. C. Burgess, for Appellant.

Charles A. Swiser, and Abe Darlington, for Respondent.

CHIPMAN, P. J.—This cause is an election contest for the office of superintendent of schools for El Dorado county, arising at the election held November 4, 1902. At the first trial judgment went in favor of the contestee, who had been declared elected and to whom a certificate of election had been issued, but on appeal to the supreme court the judgment was, on February 23, 1905, reversed. (*McCarthy* v. *Wilson,* 146 Cal. 323, [82 Pac. 243].) At the second trial judgment went for contestant on June 12, 1905, annulling contestee's certificate of election and setting aside his election to said office. On June 17, 1905, contestant served and filed notice of entry of judgment, and contestee having failed to serve his draft of bill of exceptions within ten days, and having failed to apply to the court or to counsel for contestant for an extension of time, contestee on July 1, 1905, applied to the court for relief under section 473 of the Code of Civil Procedure. The court granted contestee's motion on the following condition: "The respondent [contestee] shall within eight days let the contestant into the possession of the office in controversy, and permit the contestant to fully enjoy the emoluments thereof pending an appeal of this case to the district court of appeal and to the supreme court of the United States, should said last appeal be taken. Before surrendering said office, as here required, the contestant, McCarty, shall give security to the respondent, Wilson, that if said appeals, or either of them, are successful, that said contestant will pay to the respondent within ten days after the coming down of the *remittitur* therein the same emoluments of the said office that the respondent would have been

entitled to had he remained in said office during the time
contestant shall have been in possession thereof, together
with respondent's costs on appeal. If said appeals, or either
of them, are unsuccessful, respondent shall pay to the con-
testant contestant's costs on appeal, the respondent to give
security to contestant for the payment of costs. If re-
spondent shall fail within eight days to do this, his motion
for time to file and serve a bill of exceptions herein will be
denied. Doing this he will be granted ten days, and such
additional time as may be necessary within which to file and
serve his bill of exceptions.'' Contestee appeals from this
order.

1. Appellant contends that the bill of exceptions was set-
tled and filed within thirty days after notice of judgment,
and hence the court erred in refusing to allow it. The con-
tention is based upon the assumption, first, that the case
falls under section 649 of the Code of Civil Procedure, which
prescribes no time within which the exception shall be set-
tled, but that it may be settled within a reasonable time;
and, second, that under section 650 of the Code of Civil Pro-
cedure, the bill may be settled and filed at any time within
thirty days. Appellant is clearly in error in this conten-
tion. The case falls under section 650, and that section re-
quires that the party, who desires to have exceptions taken
at the trial settled in a bill of exceptions, must within ten
days after the entry of judgment and motion therefor, pre-
pare and serve the draft of the bill, unless the time for so
doing is extended by the judge or by stipulation of the op-
posing attorney. (*Scott's Estate,* 128 Cal. 579, [61 Pac.
98]; *In re Clary's Estate,* 112 Cal. 292, [44 Pac. 569].)

2. The grounds for asking the court to relieve contestee
from his neglect to comply with the statute amounts to little
more than excusable forgetfulness or failure to observe the
flight of time, arising out of occupation in other cases. The
facts are such as would ordinarily have justified the court
either to grant or refuse the motion without such abuse of
discretion in either case as would warrant reversal. The real
point involved is whether the court abused its discretion in
making its order conditional. Appellant claims that it is an
unreasonable condition, and that the order should, on this
ground, be reversed. That the court had the power to make

its order conditional we have no doubt. *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 21, *Youngman* v. *Tonner*, 82 Cal. 611, [23 Pac. 120], and *Douglass* v. *Todd*, 96 Cal. 655, [31 Am. St. Rep. 247, 31 Pac. 623], are instances where conditions have been imposed in granting relief under section 473 of the Code of Civil Procedure.

Each case must be governed by its own facts and circumstances, which are seldom found to be the same in any two cases. In the present instance the supreme court had before it the merit of the controversy, so far as the controverted ballots were concerned, and decided that contestant was elected to the office. At the second trial contestant prevailed and was declared entitled to the office, and contestee's certificate of office was annulled. There is nothing now before us on this motion to show that any question will be presented on the appeal from the judgment not already decided by the supreme court. Indeed, the present transcript does not show that an appeal has been taken from the judgment. Our records elsewhere show that such appeal has been taken, but that transcript is not referred to or made part of this appeal and cannot be looked to. For aught that appears the appeal from the judgment may be upon wholly insufficient grounds, and may, through delay, result in contestee holding the office until the close of the term. Under such circumstances we cannot say that the court abused its discretion or imposed an unreasonable condition in requiring contestee to surrender the office to contestant pending the appeal, especially as the court required contestant to give security that he would repay to contestee whatever emoluments of the office contestant received should contestee prevail in his appeal.

It is claimed that the court did, in fact, settle the bill of exceptions. It does not so appear. The bill is not made part of this record nor does the indorsement of the judge thereon, if he made any, appear. Counsel for contestant state in their brief, and it is not denied, that the court certified the bill to be correct, but expressly refused to settle it because not filed and served within the statutory time, and because the contestee refused to comply with the conditions upon which the court ordered that the time within which to file and serve the bill would be extended. This statement accords

with the order found in the record. This proceeding would not have been initiated if the court had in fact settled the bill. The purpose of contestee's motion, as stated therein, is to obtain time in "which to prepare, file, and serve his said exceptions."

The order is affirmed.

McLaughlin, J., and Buckles, J., concurred.