[Civ. No. 321. Third Appellate District.—July 30, 1907.]

# THE PEOPLE ex rel. T. E. McCARTY, Respondent, v. S. B. WILSON, Appellant.

OFFICERS—SUPERINTENDENT OF SCHOOLS—QUO WARRANTO—FORMER JUDGMENT IN ELECTION CONTEST—RES ADJUDICATA—EVIDENCE.— In an action of *quo warranto,* where it appears that the relator recovered final judgment in a former election contest against the defendant, of which the court had jurisdiction, annulling the defendant's certificate of election, and adjudging a certificate to the relator, as against the objection of defendant on constitutional grounds, that the words "no nomination" could not properly be printed on the ballots, and deciding that a cross by voters after those words invalidated ballots cast for defendant, that question is *res adjudicata,* and the former judgment for relator in the election contest is admissible to sustain the title of the relator to the office, and to show that the defendant is usurping the office.

ID.—OBJECT OF QUO WARRANTO—REAL PARTY IN INTEREST—USURPATION OF OFFICE.—Though the relator in *quo warranto* must obtain the consent of the attorney general, and the people are, *eo nomine,* parties to it, the relator is none the less the real party in interest, and the object of the proceeding is practically to enforce and carry

out the final judgment rendered in his favor in the election contest, as against the defendant, who, by refusal to surrender the office to the relator after final judgment in his favor and proper qualification, became a usurper of the office.

ID.—ELIGIBILITY OF RELATOR—RESIDENCE—TEMPORARY ABSENCE AS TEACHER.—Where it appears that the relator resided in the county in which he was elected and maintained his registration therein, and was only temporarily absent therefrom as a teacher in another county, with intention to return, which intention was carried into effect after the close of the term of teaching, the court properly found that he was eligible to election in the county claimed by him as a residence.

ID.—TIME OF QUALIFICATION OF RELATOR.—While the contest for the office was pending, section 907 of the Political Code prescribing the time within which a person elected to office must qualify has no application to the contestant, and it is sufficient that he qualifies within ten days after the filing of the *remittitur* from the supreme court, rendering the judgment absolutely final.

APPEAL from a judgment of the Superior Court of El Dorado County.   N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

Wm. F. Bray, for Appellant.

Section 1197 of the Political Code requiring the words "no nomination" to be printed on the official ballot, where a party has made no nomination for a particular office, is unconstitutional in that respect. Its unconstitutionality does not affect other parts of the act. (*Lathrop* v. *Mills,* 19 Cal. 513; *Rood* v. *McCarger,* 49 Cal. 117; *McPherson* v. *Secretary of State,* 92 Mich. 377, 31 Am. St. Rep. 587, 52 N. W. 469.) Those words could do no good and only harm by misleading voters.   (*Eatin* v. *Brown,* 96 Cal. 375, 31 Am. St. Rep. 225, 31 Pac. 250; *Patterson* v. *Hanly,* 136 Cal. 265, 68 Pac. 821; *Murphy* v. *Curry,* 137 Cal. 479, 70 Pac. 461.)   The doctrine of *res adjudicata* can have no application where, as in this case, the parties are not the same.   Estoppel by judgment must conclude both parties, or it concludes neither. (*People ex rel. Drew* v. *Rodgers,* 118 Cal. 394, 46 Pac. 740, 50 Pac. 668.)   The relator was disqualified, he having remained out of the county for an indefinite time, though he may have had a floating intention to return.   (*Harris* v. *Firth,* 4 Cranch C. C. 710, Fed. Cas. No. 6120; *State*

*Savings Assn.* v. *Howard,* 31 Fed. 433.) He failed to file his oath within the time required by law (Pol. Code, secs. 907, 947), and such failure created a vacancy, entitling defendant to hold over. (Pol. Code, secs. 879, 996, subd. 9.)

U. S. Webb, Attorney General, Chas. A. Swisler, and Abe Darlington, for Respondent.

A state has the right to regulate the right and manner of voting. (*In re Appointment of Supervisors,* 52 Fed. 256; *Minor* v. *Haffersett,* 21 Wall. 162.) No provision of the state or federal constitution is violated by section 1197 of the Political Code. The judgment in the election contest is *res adjudicata,* as between the relator and the defendant, and the constitutional question was therein adjudicated. It was properly admitted in evidence between them. (*People ex rel. Drew* v. *Roger,* 118 Cal. 394, 46 Pac. 740, 50 Pac. 668.) While the contest was pending section 907 had no application to qualification of the contestant. (*People* v. *Potter,* 63 Cal. 127.) The record shows that he qualified in time, in any tenable view of the case.

HART, J.—This is an action in the nature of a *quo warranto* to determine the right or title to the office of superintendent of schools of El Dorado county. The respondent obtained judgment in the court below, adjudging him to be entitled to the office, and appellant takes this appeal from the judgment, upon a bill of exceptions.

The history of the differences between the parties over the title to the office in question is as follows: On the fourth day of November, 1902, at the general state election held in California on that day, the relator and the defendant were rival candidates for the said office of superintendent of schools of El Dorado county. Thereafter a canvass of the returns of said election by the board of supervisors of that county established, at least *prima facie,* the election of the defendant, and he was by said board so declared elected, and thereupon a certificate of election issued to him by the county clerk. The relator was the then incumbent of the office, having been elected thereto at the general state election held in the year 1898. After the receipt of the certificate of his election, as declared by the board of supervisors, the defendant duly qualified by taking the oath of office and filing the same and

recording his official bond, it having been first approved by the judge of the superior court, and upon the expiration of the previous term, took charge of and entered upon the discharge of the duties of the office. Thereafter and within the time limited by the law, the relator instituted a proceeding in the superior court, under the authority of section 1111 of the Code of Civil Procedure, contesting the defendant's right to the office. A trial of the contest resulted in a judgment for the defendant, and thereupon the relator took an appeal from said judgment to the supreme court, and said judgment was thereafter reversed and the cause remanded "for further proceedings." (*McCarty* v. *Wilson*, 146 Cal. 324, [82 Pac. 243].) The grounds upon which the reversal of that case was founded involved rulings of the trial court overruling appellant's (respondent here) objections to the admission in evidence of a large number of ballots upon which the voters had stamped a cross after or opposite the words "No nomination," printed upon said ballots, and also because of the overruling of the objections to the reception in evidence of seven ballots containing as many votes for respondent in that case (appellant here), on "each of which ballots the voter had written a name in the blank column on the ballot, and had stamped a cross after each written name."

Upon a retrial of the case in the court below, the objections to the counting of the said ballots were, in conformity with the ruling of the supreme court, sustained, thus eliminating them in the determination of the result of the election. The result of this ruling at the second trial was that the relator here received the highest number of votes cast for the contested office, and was, therefore, on the twelfth day of June, 1905, adjudged by the trial court to be entitled to said office. On the twenty-ninth day of June, 1905, the county clerk issued, in pursuance of the said judgment, a certificate of election to the relator, who, upon the same day, duly qualified and made a demand upon the defendant to surrender to him the office. The defendant refused to turn over the office to the relator, but served and filed a notice of appeal to this court from the judgment entered in said case. On the thirtieth day of January, 1906, this court rendered its decision in said cause, affirming the judgment appealed from, and the *remittitur* certifying the judgment so rendered by this court was transmitted to the county clerk and received by that officer on

the fourth day of April, 1906. Thereafter, and on the fourteenth day of April, 1906, the county clerk again issued to the relator a certificate of election, and, after again duly qualifying for the office, the respondent demanded said office of and from said defendant, who refused to surrender it to the relator, and continued to usurp and unlawfully withhold the same.

Four points are urged in argument by the appellant for a reversal of the judgment: 1. That that portion of section 1197 of the Political Code, as it existed at the time of the general state election held in the year 1902, at which the electors of El Dorado county voted for candidates for the office in dispute, requiring the words "No nomination" to be printed on the ballots, when no nomination had been made by a political party for any office to be filled at the election, etc., was unconstitutional. 2. That that court erred in admitting in evidence the judgment in the case of *McCarty* v. *Wilson,* 146 Cal. 324, [82 Pac. 243], entered in favor of the plaintiff therein upon a second trial of that case. 3. That the relator, at the time of his purported qualification for the office after the *remittitur* from this court in the case of *McCarty* v. *Wilson,* 146 Cal. 324, [82 Pac. 243], had been sent down and filed in the court below, was ineligible to hold the office because he was not a citizen of El Dorado county. 4. That the relator failed to qualify for the office within the time prescribed by law.

Counsel complains that in the variety of forms in which the litigation of the question here has been before the courts of dernier resort, he has in vain vigorously insisted upon the determination of the proposition submitted by him that that portion of section 1197 of the Political Code, referred to here under the head of point number one, was violative of certain provisions of the state as well as the federal constitution. The part of said section toward which hostility is thus directed was repealed by the legislature of 1903 (Stats. 1903, p. 147), but appellant declares that he is nevertheless entitled to a decision of the question. But, under the record before us, we think we are relieved from that duty, as we perceive nothing in the case at bar which is affected by the question; nor do we appreciate the importance of declaring that the criticised part of the section, having long since been repealed by the legislature, is dead beyond the power or hope of resur-

rection. The proposition involves a moot question. It originally arose, however, in the first trial of the contested election case. Counsel for the plaintiff in that case objected to the counting of certain ballots upon the ground that after the words, "No nomination," printed thereon, the voter had stamped a cross, and that thereby said ballots were wholly invalidated. Thereupon, counsel for defendant in that case raised the point and made the objection that the provision of the law authorizing the printing on the ballots the words "No nomination" in a case where a political party had in fact made no nomination was unqualifiedly unconstitutional and void, and that consequently no ballot containing those words, whether a cross was stamped opposite them or not, should be counted. The trial court overruled the objection made by the plaintiff as well as that interposed by the defendant in that case. The supreme court, as seen, reversed the cause, principally upon the ground that the court below erred in overruling the objection of plaintiff in said contested election case to the counting of the ballots upon which the words "No nomination" appeared with a cross stamped after them. It is at a glance perceivable that the objection challenging the constitutional validity of that part of section 1197, *supra,* referred to, cannot be raised here. The objection thus made simply meant that such ballots constituted testimony irrelevant to the issue in the election contest, for the reason that the act of printing the words "No nomination" upon the ballots was contrary to some provision of the constitution. It having been one of the questions tried and conclusively determined upon the objection of appellant in the first litigation of the ultimate proposition in that case, and which is practically the same that is sought to be established by this proceeding, it became thereby *res adjudicata.* It does not matter that the form of the main question in that case was as to which of the rival candidates had been in fact and in law elected to the contested office, and, therefore, in whom was thereby invested the right and title to that office, while here the question, in form, is as to whether or not the defendant is usurping and unlawfully withholding the office from the relator. The fact is that it is undoubtedly correct to say that the ultimate point or final object sought to be achieved by both proceedings was and is to secure the occupation and control of the office. All the material issues tried and facts

proven relevantly bearing upon such issues in the former case were necessarily definitively and conclusively determined by the judgment in that case. It follows, by consequence, that the question raised by appellant's objection upon constitutional grounds against the counting of the ballots in all cases where the words "No nomination" appear thereon, whether such words so appearing declared the fact and the truth or otherwise, having been passed upon and decided in the former case, is, as is true of all the other material questions therein adjudicated, merged in the judgment in said case, and upon which he is estopped from making an attack in a collateral proceeding, unless, of course, it appeared that the judgment was void upon its face or the record somewhere disclosed that the court did not have jurisdiction of the subject matter or of the parties or either of them. No question here is raised that the judgment in that case was void for any reason.

As to the objection that the court erred in allowing in evidence here the judgment obtained by the relator at the second trial of the contest, counsel attempts to maintain that, upon the authority of the case of *People ex rel. Drew* v. *Rodgers,* 118 Cal. 394, [46 Pac. 740, 50 Pac. 668], the parties to the election contest and the parties to this proceeding are different and distinct from each other. He also claims that different issues were presented in this proceeding from those adjudicated in the former case; that the allegations in the complaint concerning the election contest, and the judgment therein, were not germane to any question here or necessary for a determination of any issues tendered in this cause, and should have been, upon his motion, stricken out. We are unable to agree with the learned counsel in this statement. There are, in the very nature of the proceedings before us, essentially some new issues tendered. For illustration, it is alleged by the relator that the defendant has unlawfully intruded into, usurped and is unlawfully withholding the office from relator. This is an issue which was not, technically speaking, involved in the former case. It is also true that the defendant himself presents two new questions, numbered three and four in the order in which we are considering the points. But it does not follow from these considerations that the judgment in the former case was not an issue here. Indeed, it was an exceedingly important one to the relator—in

fact, all-important, for without it he would have utterly failed
to make a case against the defendant.

In the case of *People ex rel. Drew* v. *Rodgers,* 118 Cal. 394,
[46 Pac. 740, 50 Pac. 668], the court below admitted in evi-
dence the judgment-roll in the case of *Drew* v. *Rodgers,*
(Cal.), 34 Pac. 1081. The plaintiff in the last-mentioned
case was Moses M. Drew. The relator in the case subse-
quently tried was one Warren F. Drew. The object of both
actions was to oust the defendant from the office of chief
of police of the city of Sacramento. In the case of *Peo-
ple ex rel. Drew* v. *Rodgers,* 118 Cal. 394, [46 Pac. 740, 50
Pac. 668], the supreme court says: "The court erred in
admitting in evidence the judgment-roll in the case of *Drew*
v. *Rodgers* (Cal.), 34 Pac. 1081, and in holding that the de-
fendant was estopped thereby from proving that he had been
a citizen of the United States for more than ninety days
prior to the election in March, 1892. The judgment was not
between the parties to the present action, nor was it between
the relator and the defendant."

The relator in the case at bar was the contestant in the
former case, and merely because in this proceeding the law
requires that he must first obtain the consent of the attorney
general before instituting it and because the people are, *eo
nomine,* made parties to it, renders him none the less the real
party in interest. The object of this proceeding is, as is
manifest, practically to enforce and carry out the judgment
in the election contest. The appellant refused to surrender
the office to the party adjudged by the courts upon a trial
of the question to be entitled to it. He was, therefore, a
usurper of the office, and the relator was compelled to resort
to this proceeding for the purpose of securing what had been
judicially determined to be his right. In order to establish
that right here it was not only proper but absolutely neces-
sary for him to present to the courts the evidence of his title.
In what other way could he have established the allegations
that the defendant was unlawfully withholding the office from
him and that he was himself, under the law, entitled to ex-
ercise the duties of the office? The defendant had, as his
authority for occupying the office, the certificate of election
issued to him, as required by law, by the county clerk, upon
the declaration by the board of supervisors, after canvassing
the election returns, that he had received the highest num-

6 Cal. App.—9

ber of votes cast at the election for that office, and was consequently elected thereto. The election contest prosecuted by the relator resulted in the annulment of the certificate so received by the defendant, and the judgment of the court so annulling it was the only authority of the clerk for issuing to the relator the certificate evidencing his right to exercise the duties of the office. The ruling of the court upon the point under discussion was, as we have said, not only proper but necessary. We have thus disposed of the constitutional question presented by counsel and also the second point, in the order presented by us.

There is no merit in the point that the relator was not qualified to hold the office because of nonresidence in the county at the time he took the oath of office and filed his bond after the *remittitur* from this court certifying its decision on the appeal from the judgment entered upon the second trial of the contested election case was received and filed in the court below. The evidence upon this point, consisting alone of the testimony of the relator, was to the effect that, pending the final determination by the courts of the election contest, the relator went to Placer county for the purpose of teaching school. He owned a house and personal property in El Dorado county, and left a considerable portion of his household effects in his house. He testified that his residence in Placer county was only temporary and because he was compelled to teach in order to earn a livelihood for himself and family. He never had any intention of abandoning El Dorado county as his home, and his name remained on the great register as a voter in that county; that as soon as the term of school he was teaching terminated he intended to and did return to El Dorado county. The court's finding against the contention of appellant upon this point is fully sustained by the evidence.

The contention that the relator failed to qualify within the time required by law finds no support either in principle or the decisons of the courts. It has been held in this state that where a contest is pending for an office section 907 of the Political Code, prescribing the time within which a person elected to an office must take and file his oath of office, has no application. (*People* v. *Potter*, 63 Cal. 127.) According to the agreed statement of facts here, the *remittitur* from this court certifying the affirmance of the judgment of the court

below was received and filed in the last-mentioned court on the fourth day of April, 1906, and the relator filed his oath and bond on April 14th. The relator acted within a reasonable time in qualifying.

Under all the circumstances of the case, as disclosed by the record, we think the defendant had no conceivable reason for withholding the office from the relator, after the decision of this court affirming the judgment and the order by the supreme court denying the petition for a rehearing of the case after judgment here.

There are some other points suggested, but we do not regard them worth noticing.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.